# Exhibit H



GULLETT SANFORD
ROBINSON & MARTIN PLLC

150 THIRD AVENUE SOUTH  SUITE 1700
NASHVILLE  TN  37201

M  615 244 4994
F  615 256 6339
W  GSRM.COM

August 18, 2022

**VIA EMAIL**
Hon. Lawrence E. Mooney (Ret.)
JAMS
LMooney@jamsadr.com

Re:   *Saddler v. Carvana, LLC*, JAMS Ref. No. 1440007303

Dear Judge Mooney:

I write on behalf of Respondents, Carvana, LLC ("Carvana"), Bridgecrest Acceptance
Corporation ("Bridgecrest"), and DriveTime Automotive Group, Inc. ("DriveTime") (collectively,
"Respondents") to address certain discovery issues arising in the above-referenced Arbitration.
Specifically, I write regarding Claimant, Richard Saddler's ("Claimant") failure to engage in
discovery in this proceeding.   On May 20, 2022, your Honor entered Order No. 9 – Plan of
Discovery ("Discovery Plan"), providing for, among others: (i) the parties' Rule 17 informal
exchange of information by June 30, 2022; (ii) service of written discovery requests by July 8,
2022; (iii) responses to written discovery within thirty (30) days of receipt; and (iv) completion of
depositions by August 31, 2022.  (Discovery Plan, ¶ 10).

On June 30, 2022, Respondents served their Initial Exchange of Information and produced
over 350 pages of documents to Saddler.[1]   On July 8, 2022, Respondents served Interrogatories
and Requests for Production of Documents (the "Written Discovery") on Saddler pursuant to the
Discovery Plan, which were due no later than August 8, 2022.  I attach a copy of the Written
Discovery as **Exhibit 1**.  Saddler failed to respond to the Written Discovery.  In an effort to resolve
this issue without Arbitrator intervention, I wrote to Saddler on August 14, 2022, requesting (i)
responses to the Written Discovery; and (ii) proposing dates to conduct his deposition prior to the
August 31, 2022, deadline.  I requested a response from Saddler by close of business Wednesday,
August 17, 2022.  For reference, I attach a copy the August 14, 2022, correspondence as **Exhibit
2**.  I did not receive a response to the August 14 correspondence, and on August 18, 2022, I served
a Notice of Deposition on Saddler, setting the same for August 29, 2022.  I attach a copy of the
Notice of Deposition as **Exhibit 3**.

---

[1] Respondents subsequently supplemented this production with an additional 100+ pages of documents.

Hon. Lawrence E. Mooney (Ret.)
August 18, 2022
Page 2

In light of these facts, I write to request leave pursuant to the Discovery Plan, to file a motion to compel Saddler to provide complete responses to the Written Discovery. (Discovery Plan, ¶ 6). As set forth above, the undersigned certifies he undertook efforts to confer with the opposing party to resolve these discovery disputes and was unsuccessful in doing so. (Id.) Thank you for your attention to this matter, and please let me know if you require anything further from Respondents in this regard.

Respectfully,

s/ *M. Thomas McFarland*

M. Thomas McFarland

*Attachments*

cc:  Richard Saddler (via email: richardsaddler@yahoo.com; ricksaddler@yahoo.com)
     Lauren Smith. Case Manager (via email: LSmith@jamasadr.com)

# EXHIBIT 1

**JAMS ARBITRATION**

IN THE MATTER OF:

| | |
|---|---|
| **RICHARD SADDLER,** )<br><br>    Claimant, )<br><br>**v.** )<br><br>**CARVANA, LLC, BRIDGECREST** )<br>**ACCEPTANCE CORPORATION, and** )<br>**DRIVETIME AUTOMOTIVE** )<br>**GROUP, INC.,** )<br><br>    **Respondents.** )<br>_____ )<br> )<br>**CARVANA, LLC,** )<br><br>    **Counter-claimant,** )<br><br>**v.** )<br><br>**RICHARD SADDLER,** )<br><br>    **Counter-claim Respondent.** )<br>_____ ) | JAMS Ref. No. 1440007303<br><br>Arbitrator: Hon. Lawrence E. Mooney |

**RESPONDENTS' INTERROGATORIES
TO RICHARD SADDLER**

Respondents. Carvana. LLC ("Carvana"). Bridgecrest Acceptance Corporation ("Bridgecrest"). and DriveTime Automotive Group. Inc. ("DriveTime"). by and through their counsel of record. and pursuant to the JAMS Comprehensive Arbitration Rules and Order No. 9 – Plan of Discovery. submits the following Interrogatories to Claimant Counter-claim Respondent. Richard Saddler ("Saddler"). as follows:

## I.   INSTRUCTIONS

1.      In answering these Interrogatories. you shall furnish all information available at the time of answering. including information in the possession of any and all representatives. and shall supplement the responses whenever necessary in accordance with the JAMS Comprehensive Arbitration Rules.

2.      Each Interrogatory shall be answered separately and as completely as possible.  The fact that the investigation is continuing or that discovery is not complete shall not be reason for failure to presently answer each Interrogatory as fully as possible.

3.      To the extent any information called for by these Interrogatories is unknown to you. so state and set forth any information that is known. If any estimate can reasonably be made in place of unknown information. also set forth your best estimate. clearly designated as such. in place of unknown information and describe the basis upon which the estimate is made.

4.      If any document sought to be identified by these Interrogatories was. but is no longer. in your possession. custody, or control. or in existence, state whether it is missing or lost, or has been destroyed. transferred voluntarily or involuntarily to others, or otherwise disposed of. In each instance. explain the circumstances surrounding the disposition of the document and state the date or approximate date on which it passed from your possession. custody, or control. or on which it ceased to be in existence.

5.      To the extent you object to any Interrogatory, set forth all reasons therefor.  If you assert a privilege in lieu of answering any Interrogatory in whole or in part. describe the factual basis for your claim of privilege in sufficient detail so as to permit the Court to adjudicate the validity of the claim.   If you object to any part of any Interrogatory. answer the remainder completely.   If you claim that any documents sought by any Interrogatory or that would be

responsive to any Interrogatory are privileged, produce a privilege log describing those documents. Your privilege log should contain the following information:

          (a)     the date on which the privileged document was prepared;

          (b)     the name of the author of the privileged document;

          (c)     all recipients of the privileged document (including blind copy recipients);

          (d)     a brief description of the privileged document; and

          (e)     an identification of the specific privilege being asserted.

6.     To the extent your response to any Interrogatory requires the identification of a document, you may, at your option, attach copies of such documents in lieu of specifically identifying them pursuant to these Instructions. You must identify any such document with sufficient specificity so as to clearly show which Interrogatory is answered by that document.

7.     The Interrogatories shall be continuing, so as to require additional answers if further information is obtained between the time answers are served and the time of trial. Such additional answers shall be served no later than two (2) days after such additional information is received.

8.     These Instructions shall be considered as part of the Interrogatories as if they were fully set forth in each Interrogatory.

9.     The conjunctions "and" and "or" shall be interpreted conjunctively and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any interrogatory.

10.     Whenever relevant, words in the singular shall include the plural thereof and vice-versa; for example, "state the date" shall mean "state the dates" when there is more than one date which is relevant to the answer to the Interrogatory.

## II.    DEFINITIONS

1.    "You" or "Saddler" shall mean Claimant/Counter-claim Respondent in this matter, Richard Saddler.

2.    "Stokes" shall mean the Respondent in this matter, Collin Ryan Stokes.

3.    "Carvana" means the Respondent/Counter-claim Claimant in this matter, Carvana, LLC, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

4.    "Bridgecrest" means the Respondent in this matter, Bridgecrest Acceptance Corporation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

5.    "DriveTime" means the Respondent in this matter, DriveTime Automotive Group, Inc., its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

6.    "Employee" refers to any person acting as a representative, agent, supervisor, manager, sales agent, independent contractor, administrative personnel, or other individual or affiliate working on an entity's behalf.

7.    "Communication" or "communicate" refers to each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, SMS text, MMS text, Whatsapp, email, telex, telegram, or online networking; whether orally, in person, through recording, in writing, or by any other means whatsoever.

4

8.     The terms "documents" or "documentation" are used in the broadest sense permitted under the JAMS Comprehensive Arbitration Rules. The terms includes any written, typewritten, printed, emailed, recorded, or graphic matter, however maintained, produced or reproduced; any electronically, mechanically, or magnetically recorded matter of any kind or character, however maintained, produced or reproduced, including without limitation all electronic devices, computer data storage devices of any kind, and online networking; and any other matter constituting the recording of data or information upon any tangible thing by any means, including without limitation correspondence, letters, telegraphs, contracts, agreements, notes, memoranda, analyses, studies, drawings, plans, schedules, blueprints, bid proposals, bid estimates, projections, photographs, videotapes, cassettes, discs, reports, work papers, calendars, meeting minutes, purchase orders, invoices, confirmation slips, time records, tape recordings, flash drives, computer tapes or discs, any other writing including draft reports of the foregoing.

9.     The words "and" and "or" are to be considered both conjunctively and disjunctively.

10.     The singular form of a noun or pronoun includes the plural form and vice versa.

11.     The word "every" also includes "each," and vice versa.

12.     "Relating to" or "relates to" means pertaining to, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, concerning or referring to, whether directly or indirectly.

13.     "Electronic Device" or "device" includes personal computers, laptops, personal digital assistants, smart phones, cell phones, blackberries, iPads, Tablets, memory cards, flash drives, external hard drives, CDs, DVDs, disks, optical media, or other electronic or magnetic storage devices of any kind.

5

### III.     INTERROGATORIES

1.      Please state the name, address, and telephone number of each person of whom you are aware having knowledge, information, or documents regarding the subject matter of this Arbitration, give a brief summary of their knowledge, the information or documents possessed by them relating to the issues of the instant Arbitration, and the claims and/or defenses of the parties, and state whether you intend to call such person as a witness at any deposition, hearing, evidentiary hearing, or trial of this cause.

**ANSWER:**


2.      In reference to any civil or criminal action to which you have been a plaintiff or defendant in the past twenty (20) years, state: the caption of the action, the court where it pended, the date when it was filed, and the nature of the outcome.

**ANSWER:**


3.      Please state and itemize in detail all damages you contend you incurred as a result of any actions (or inactions) of Respondents.

**ANSWER:**

6

4.     Please state. in detail. the facts and circumstances leading to your solicitation of. purchase. and receipt of delivery of the vehicle that is the subject of the instant Arbitration.

**ANSWER:**


5.     Please identify. in detail. each and every action (or inaction) of Respondents that you contend damaged you. including a description of the action (or inaction). the date it occurred (or failed to occur). and how the action (or inaction) caused you to incur such damage.

**ANSWER:**

## VERIFICATION

I, **RICHARD SADDLER**, hereby affirm that I have read the foregoing answers to interrogatories and they are true and correct to the best of my information, knowledge, and belief.

_____

**Richard Saddler**

STATE OF _____ )

COUNTY OF _____ )

Sworn to and subscribed before me.

this the _____ day of _____, 2022.

_____

Notary Public

8

This 8th day of July, 2022.

Respectfully submitted.

*s/ M. Thomas McFarland*
Christopher W. Cardwell
M. Thomas McFarland
**GULLETT SANFORD ROBINSON & MARTIN PLLC**
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Phone: (615) 244-4994
Facsimile: (615) 256-6339
ccardwell@gsrm.com
tmcfarland@gsrm.com

*Counsel for Carvana, LLC, Bridgecrest Acceptance Corporation, and DriveTime Automotive Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by regular U.S. Mail, postage prepaid, and by email upon:

Richard Saddler
413 Genoa Drive
Manchester, MO 63021
ricksaddler@yahoo.com

this 8th day of July, 2022.

*s/ M. Thomas McFarland*

10

## JAMS ARBITRATION

IN THE MATTER OF:

| | |
|---|---|
| **RICHARD SADDLER,** )<br><br>    **Claimant,** )<br><br>**v.** )<br><br>**CARVANA, LLC, BRIDGECREST**<br>**ACCEPTANCE CORPORATION, and**<br>**DRIVETIME AUTOMOTIVE**<br>**GROUP, INC.,** )<br><br>    **Respondents.** )<br><br>**CARVANA, LLC,** )<br><br>    **Counter-claimant,** )<br><br>**v.** )<br><br>**RICHARD SADDLER,** )<br><br>    **Counter-claim Respondent.** ) | JAMS Ref. No. 1440007303<br><br>Arbitrator: Hon. Lawrence E. Mooney |

### RESPONDENTS' REQUESTS FOR PRODUCTION OF DOCUMENTS
### TO RICHARD SADDLER

    Respondents, Carvana, LLC ("Carvana"), Bridgecrest Acceptance Corporation ("Bridgecrest"), and DriveTime Automotive Group, Inc. ("DriveTime"), by and through their counsel of record, and pursuant to the JAMS Comprehensive Arbitration Rules and Order No. 9 – Plan of Discovery, submits the following Requests for Production to Claimant/Counter-claim Respondent, Richard Saddler ("Saddler"), as follows:

## I.    INSTRUCTIONS

1.    These requests seek documents and things in existence as of the date of service thereof and to the full extent of the JAMS Comprehensive Arbitration Rules. These requests are of a continuing nature, and you are required to file and serve supplemental responses promptly if you obtain further or different information and/or additional documents after the date of your initial answer and before this case is completed.

2.    These requests shall apply to all documents in your possession, custody or control at the present time or that come into your possession, custody or control. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

3.    If no documents are responsive to a particular request, you are to state that no responsive documents exist.

4.    For any responsive documents or tangible things that have been lost, destroyed or withheld from production based on any ground, you shall provide a written statement setting forth:

(a)    the identity of the document;

(b)    the nature of the document (e.g., letter, memorandum, chart);

(c)    the identity of the person(s) who received copies of the document;

(d)    the date of the document;

(e)    a brief description of the subject matter of the document; and

(f)    the circumstances of the loss or destruction of the document and/or any fact, statute, rule or decision upon which you rely in withholding the document.

2

5. If you decline to produce any document or part thereof based on a claim of privilege or any other protection, provide a "privilege log" which identifies each document separately and specifies for each document at least the following:

(a) the date;

(b) all authors and/or senders identified by position and entity with which they are employed or associated and, if any author and/or sender is an attorney, a statement so stating and, if any author and/or sender is a foreign patent agent, a statement so stating, and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(c) the recipient(s), including copy recipients, identified by position and entity with which they are employed or associated and, if any recipient is an attorney, a statement so stating and, if any recipient is a foreign patent agent, a statement so stating, and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(d) the general subject matter of the document;

(e) the portion(s) of the document as to which privilege or protection is claimed; and

(f) the type of privilege or protection asserted.

6. If you object to any part of a request, specify which part of the request you object to, and produce or allow inspection of all remaining parts.

7. All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as

3

to each document and thing produced in response hereto, you shall identify the request for production in response to which the document or thing is being produced.

8.      With respect to electronically stored information ("ESI"), it shall be produced in single-page TIFF format with OCR text, with a corresponding load file containing a path to the OCR text and the Native file. In the case of responsive spreadsheets, audio, database, and video files, or any other responsive ESI for which the above format is not practicable, the ESI shall be produced in native format with unique identifying numbers associated with the native documents. In the case of emails, attachments should be identified such that they can be matched to the parent email. ESI should be produced on CD-ROM, DVD, removable hard drive, or other standard storage medium. Claimant reserves the right to request ESI be produced with all accompanying metadata intact and/or in native file format.

## II.    DEFINITIONS

1.      "You" or "Saddler" shall mean Claimant/Counter-claim Respondent in this matter, Richard Saddler.

2.      "Stokes" shall mean the Respondent in this matter, Collin Ryan Stokes.

3.      "Carvana" means the Respondent/Counter-claim Claimant in this matter, Carvana, LLC, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

4.      "Bridgecrest" means the Respondent in this matter, Bridgecrest Acceptance Corporation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

4

5.     "DriveTime" means the Respondent in this matter, DriveTime Automotive Group, Inc., its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

6.     "Employee" refers to any person acting as a representative, agent, supervisor, manager, sales agent, independent contractor, administrative personnel, or other individual or affiliate working on an entity's behalf.

7.     "Communication" or "communicate" refers to each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, SMS text, MMS text, Whatsapp, email, telex, telegram, or online networking; whether orally, in person, through recording, in writing, or by any other means whatsoever.

8.     The terms "documents" or "documentation" are used in the broadest sense permitted under the JAMS Comprehensive Arbitration Rules. The terms includes any written, typewritten, printed, emailed, recorded, or graphic matter, however maintained, produced or reproduced; any electronically, mechanically, or magnetically recorded matter of any kind or character, however maintained, produced or reproduced, including without limitation all electronic devices, computer data storage devices of any kind, and online networking; and any other matter constituting the recording of data or information upon any tangible thing by any means, including without limitation correspondence, letters, telegraphs, contracts, agreements, notes, memoranda, analyses, studies, drawings, plans, schedules, blueprints, bid proposals, bid estimates, projections, photographs, videotapes, cassettes, discs, reports, work papers, calendars, meeting minutes, purchase orders, invoices, confirmation slips, time records, tape recordings, flash drives, computer tapes or discs, any other writing including draft reports of the foregoing.

9.    The words "and" and "or" are to be considered both conjunctively and disjunctively.

10.    The singular form of a noun or pronoun includes the plural form and vice versa.

11.    The word "every" also includes "each." and vice versa.

12.    "Relating to" or "relates to" means pertaining to. evidencing. containing. setting forth. reflecting. showing. disclosing. describing. explaining. summarizing. concerning or referring to. whether directly or indirectly.

13.    "Electronic Device" or "device" includes personal computers. laptops. personal digital assistants. smart phones. cell phones. blackberries. iPads. Tablets. memory cards. flash drives. external hard drives. CDs. DVDs, disks. optical media. or other electronic or magnetic storage devices of any kind.

### III.   REQUESTS FOR PRODUCTION

1.      Please produce any Communications, written or electronic correspondence, documents, information, drives, emails, text messages, recordings or statements in your possession that reference or relate to the subject matter of your various Arbitration demands, the Respondents' Answers to those demands, and/or Carvana's counter-claim.

**RESPONSE:**

2.      Please produce all contracts or other agreements between yourself and any of the Respondents.

**RESPONSE:**

3.      Please produce all Communications you exchanged with anyone that reference or relate to any of the Respondents between July 1, 2018, and the present.

**RESPONSE:**

4.      Please produce all documents that reference or relate to any payments made by you to any of the Respondents from July 1, 2018, through the present.

**RESPONSE:**

7

5.      Please produce all recordings (audio. visual, or otherwise) of any conversations, phone calls, etc.. you had with any employee, agent. representative. affiliate, and/or attorney of Respondents.

**RESPONSE:**

6.      Please produce all documents that evidence, reference, or relate to the damages you contend you incurred as a result of any actions (or inactions) of Respondents.

**RESPONSE:**

7.      Please produce your medical records from July 1. 2018, through the present.

**RESPONSE:**

8.      Please produce all documents referencing or related to any criminal convictions involving you.

**RESPONSE:**

9.      Please produce all documents that you intend to introduce or utilize at any deposition. hearing. evidentiary hearing, and/or trial of this cause.

**RESPONSE:**

8

10.     Please produce all documents which support, reference, or relate to the requests or your responses to any of Respondents' Interrogatories.

**RESPONSE:**

This 8th day of July, 2022.                    Respectfully submitted,

*s/ M. Thomas McFarland*
Christopher W. Cardwell
M. Thomas McFarland
**GULLETT SANFORD ROBINSON & MARTIN PLLC**
150 Third Avenue South, Suite 1700
Nashville. Tennessee 37201
Phone: (615) 244-4994
Facsimile: (615) 256-6339
ccardwell@gsrm.com
tmcfarland@gsrm.com

*Counsel for Carvana, LLC, Bridgecrest Acceptance
Corporation, and DriveTime Automotive Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by regular U.S. Mail. postage prepaid, and by email upon:

Richard Saddler
413 Genoa Drive
Manchester, MO 63021
ricksaddler@yahoo.com

this 8th day of July. 2022.

s/ M. Thomas McFarland

10

# EXHIBIT 2



GULLETT SANFORD
ROBINSON & MARTIN PLLC

150 THIRD AVENUE SOUTH, SUITE 1700
NASHVILLE, TN 37201

M  615.244.4994
F  615.256.6339
W  GSRM.COM

August 14, 2022

**VIA E-MAIL & U.S. MAIL**

Richard Saddler
413 Genoa Drive
Manchester, MO 63021
ricksaddler@yahoo.com
richardsaddler@yahoo.com

   Re: *Saddler v. Carvana, LLC, et al.*, JAMS Ref. No. 1440007303

Dear Mr. Saddler:

   I write on behalf of my clients, Respondents Carvana, LLC ("Carvana"), Bridgecrest Acceptance Corporation ("Bridgecrest"), and DriveTime Automotive Group, Inc. ("DriveTime") (collectively, "Respondents") to address certain issues in the above-referenced arbitration. First, Respondents served their Interrogatories and Requests for Production of Documents (the "Written Discovery") on July 8, 2022. Pursuant to the Arbitrator's Order No. 9 – Plan of Discovery (the "Discovery Plan"), your responses to the Written Discovery were due no later than August 8, 2022.[1] To date, we have not received your responses to the Written Discovery. Please provide those as soon as possible, but, in any event, no later than close of business, Wednesday, August 17, 2022.

   Secondly, please provide me with dates to conduct your deposition in St. Louis, Missouri. As you are aware, the Discovery Plan provides an August 31, 2022, discovery cutoff. I currently have the following dates available on my calendar: August 26, August 29, August 30, and August 31. Please let me know your availability for these proposed dates as soon as possible, but, in any event, no later than close of business on Wednesday, August 17, 2022.

   I hope we are able to resolve these issues without Arbitrator intervention. However, if we are unable to do so, I intend to bring them before the Arbitrator in relatively short order so that we can remain on track for our November 1, 2022, evidentiary hearing. Thank you very much for your prompt attention to these matters, and we look forward to receiving the requested information.

---

[1] Your initial response date was Sunday, August 7, 2022, which rolled to Monday, August 8, 2022, pursuant to JAMS Comprehensive Arbitration Rules & Procedures (the "Rules"), Rule 8(f).

Richard Saddler
August 14, 2022
Page 2

Very truly yours,

M. Thomas McFarland

cc: Christopher W. Cardwell

# EXHIBIT 3

## JAMS ARBITRATION

**IN THE MATTER OF:**

| | |
|---|---|
| **RICHARD SADDLER,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| v. | ) |
| | ) |
| **CARVANA, LLC, BRIDGECREST** | ) |
| **ACCEPTANCE CORPORATION, and** | ) |
| **DRIVETIME AUTOMOTIVE** | ) |
| **GROUP, INC.,** | ) |
| | ) |
| **Respondents.** | ) |
| | ) JAMS Ref. No. 1440007303 |
| | ) |
| **CARVANA, LLC,** | ) Arbitrator: Hon. Lawrence E. Mooney |
| | ) |
| **Counter-claimant,** | ) |
| | ) |
| v. | ) |
| | ) |
| **RICHARD SADDLER,** | ) |
| | ) |
| **Counter-claim Respondent.** | ) |
| | ) |

## NOTICE OF DEPOSITION

Please take notice that, pursuant to JAMS Comprehensive Arbitration Rules & Procedures 17(b) and Order No. 9 – Plan of Discovery. ¶ 10(c), Respondents. Carvana. LLC ("Carvana"). Bridgecrest Acceptance Corporation ("Bridgecrest"). and DriveTime Automotive Group, Inc. ("DriveTime"). will take the deposition of Claimant/Counter-claim Respondent. Richard Saddler ("Saddler") on **Monday, August 29, 2022,** beginning at **9:00 a.m.** at the offices of **Reifers Holmes & Peters LLC, 1010 Market Street, Suite 950, St. Louis, Missouri 63101.** The deposition will continue from day-to-day until complete. The deposition will be taken by stenographic transcription upon oral examination before a court reporter authorized by law to take depositions

in the State of Missouri. The deposition is being taken for discovery and any and all purposes that

are permitted by law or under the Rules of this Arbitration. Any party or persons with just cause

to attend may participate and cross-examine, through duly authorized and designated counsel.

This 18th day of August, 2022.          Respectfully submitted,

*s/ M. Thomas McFarland*
Christopher W. Cardwell
M. Thomas McFarland
**GULLETT SANFORD ROBINSON & MARTIN PLLC**
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Phone: (615) 244-4994
Facsimile: (615) 256-6339
ccardwell@gsrm.com
tmcfarland@gsrm.com

*Counsel for Carvana, LLC, Bridgecrest Acceptance Corporation, and DriveTime Automotive Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, a true and correct copy of the foregoing **NOTICE OF DEPOSITION** was served upon the following via electronic mail and U.S. Mail, postage prepaid:

Richard Saddler
413 Genoa Drive
Manchester, MO 63021
ricksaddler@yahoo.com
richardsaddler@yahoo.com

*s/ M. Thomas McFarland*

3