# Exhibit J

Exhibit J

IN THE MATTER OF:                    )
                                     )
Richard Saddler,                     )
                                     )
              Claimant,              )
                                     )
vs.                                  )        JAMS Ref. No 1440007303
                                     )
Carvana LLC,                         )
                                     )
              Respondent.            )


## Order No. 15


Respondents have filed Motions in Limine relative to the imminent Hearing. Claimant has filed a response.

In Order No. 14, I noted: "Without a conclusive record of what promises were exchanged by the parties, I cannot determine the resolution of any cause of action or the liability of any party because I do not yet know what the controlling documents are." Respondents propose that certain matters be excluded from consideration in the Motions in Limine. As with Order No. 14, which denied Respondents' Motion for Summary Disposition, I cannot deny Claimant an opportunity to present his case when the governing documents remain in dispute. For that reason, **I DENY Respondents' Motions in Limine**.

That being said, let me address how I anticipate I will rule as to the substance of Respondents' concerns as expressed in their motion. If I concluded that Claimant executed the Arbitration Agreement and other documents tendered by Respondents in their Motion for Summary Judgment, I will know what documents govern the dispute. We will continue to use JAMS Comprehensive Arbitration Rules and Procedures to guide the conduct of the Hearing

As to Motions in Limine 1, 2, and 5, I cannot prejudge how I might rule at the Hearing. Each of these Motions asks that I categorically exclude evidence because of Claimant's failures to produce. But I cannot rule on such Motions until Claimant has been given an opportunity to explain why they have not been timely produced.

As to Motions in Limine 3 and 4, I have expressed skepticism as to the relevance of such evidence. Nevertheless, I will allow Claimant his "day in court." I will allow Claimant to

adduce such evidence but only if Claimant strictly abides by this limit. Claimant will be allowed a total of one hour to present testimony or documentary evidence relative to Ernest Garcia II and other civil proceedings against Respondents.

Dated: October 31, 2022

/s/ *Lawrence E. Mooney*
Hon. Lawrence E. Mooney (Ret.)
Arbitrator
JAMS