# Exhibit L1

Exhibit L1

## JAMS ARBITRATION

IN THE MATTER OF:

RICHARD SADDLER )
)
    Claimant, )
)
v. )
)
CARVANA, LLC, BRIDGECREST )
ACCEPTANCE CORP., and )
DRIVE TIME AUTOMOTIVE )
GROUP, INC. )
)
    Respondents, )
)
_____ )
)    JAMS Ref. No. 1440007303
)
CARVANA, LLC, )    Arbitrator: Hon. Lawrence E. Mooney
)
    Counter-claimant, )
)
v. )
)
RICHARD SADDLER )
)
    Counter-claim Respondent. )

---

### CLAIMANT RICHARD SADDLER'S REQUEST FOR ARBITRATOR
### TO DETERMINE JURISDICTION AND ARBITRABILITY ISSUES

NOW COMES Claimant, Richard Saddler, Pro Se, and hereby requests that the Hon. Lawrence E. Mooney determine jurisdiction and arbitrability issues pursuant to Jams Rule 11(b) and states as follows:

Paragraph 3 of "Order No. 9 Plan of Discovery" states that:" Claimant must amend his claim, if at all, prior to May 27, 2022." Saddler is requesting that the Arbitrator determine jurisdiction and arbitrability issues pursuant to Jams Rule 11(b) to the following causes of action: **(EXHIBIT 3 Count 2 & 5)** which Saddler believes should not be required to be asserted in arbitration but should remain in St. Louis County Circuit Court for the reasons as stated herein.

Jams Rule 11(b) provides in part that "The Arbitrator has the authority has the authority to determine jurisdiction and arbitrability issues as a preliminary matter."

In *Simply Wireless, Inc.* v. *T-Mobile U.S., Inc.*, 877 F.3d 522 (4th Cir. 2017), the Fourth Circuit held that, by incorporating the JAMS arbitration rules into their arbitration clause, the parties "clearly and unmistakably" provided that the arbitrators would decide what issues were subject to arbitration.

As is set forth below, the basis of this request is that Bridgecrest, through counsel, intentionally committed a fraud against the Arbitrator and the Court and should be forced to proceed on certain causes of action in St. Louis County Circuit Court in order to be properly sanctioned.

In a letter dated April 27, 2022, to your Honor, counsel for Carvana, stated in part that "his 'Second Amended Complaint Against All Respondents'—sets forth five (5) causes of action against the various Respondents. However, Saddler previously pled seven (7) causes of action, all of which the United States District Court for the Eastern District of Missouri compelled to this Arbitration. See Saddler v. Carvana, No. 4:20CV105 HEA, 2020 U.S. Dist. LEXIS 143276, at \*\*1-2 (E.D. Mo. Aug. 11, 2020).2 As such, Saddler must bring those claims, if at all, in this Arbitration." **(Exhibit 1, p 2, first full paragraph)**

On April 15, 2021, Bridgecrest filed a fraudulent lawsuit against Saddler in the Circuit Court of St. Louis County Missouri. Saddler asserts it is fraudulent based on the statement made by Bridgecrest's counsel "After this court compelled Saddler's claims to arbitration, Saddler failed to take any steps to institute arbitration proceedings as provided for in the relevant Arbitration Agreement, and, eventually, Bridgecrest instituted an action in Missouri State Court (in the above styled case) on April 15, 2021, seeking damages for Saddler's breach of the retail installment contract *between Carvana and Saddler*." **(Exhibit 2, p, 8)**

Subsequently, counsel for Bridgecrest has claimed before the Arbitrator in the initial hearing approximately on August 9, 2021 and again on the record before a St. Louis Missouri Circuit Court Judge that they mistakenly filed the case in state court instead of in federal court on Feb17, 2022 status hearing & April 25, 2022 status hearing.

These statements do not make any sense when read together until one realizes that they were made solely to mislead judicial officials – both the Arbitrator and the Court. The statement that the "mistakenly filed the case in state court instead of in federal court" is patently false as Saddler has absolutely established herein.

When Saddler filed a petition to remove the Bridgecrest complaint to the United States District Court for the Easter District of Missouri, Bridgecrest's attorneys successfully filed a motion to remand to state court.

However, since Bridgecrest's attorney are admitted to practice in federal courts, they absolutely knew that the Bridgecrest complaint against Saddler *could not have been filed in Federal Court* because they did not meet the jurisdiction requirement found in 28 U.S. Code § 1332 which states that the amount in controversy must exceed $75,000.00. Bridgecrest was seeking damages well less than $75,000.00 exclusive of costs and attorney fees.

Jams Rule 29 titled Sanctions states that "The Arbitrator may order appropriate sanctions for failure of a Party to comply with its obligations under any of these Rules or with an order of the Arbitrator. These sanctions may include, but are not limited to, assessment of Arbitration fees and Arbitrator compensation and expenses; assessment of any other costs occasioned by the actionable conduct, including reasonable attorneys' fees; exclusion of certain evidence; drawing adverse inferences; or, in extreme cases, determining an issue or issues submitted to Arbitration adversely to the Party that has failed to comply."

Based upon Rule 29, Saddler has no ability to obtain sanctions against Bridgecrest or their attorneys for filing a lawsuit that was fraudulent and frivolous.

Further, Missouri Rule of Civil Procedure § 514.205 titled "Frivolous suit, consequences of filing — limitations" provides in part that "In any civil action or part of a civil action *pending before any division of any court of this state* . . ." (emphasis added) that certain expenses can be awarded.

The arbitration in the instant matter is not pending before any Missouri court so Saddler loses this remedy.

In his counterclaim against Bridgecrest, Saddler alleged that Carvana committed fraud all across the country selling cars without titles. In addition, Carvana illegally sold cars without being a dealer in the State of Missouri, which is a statutory requirement. In addition, Carvana sold motor vehicles in numerous jurisdictions, including Missouri without the legal authority to do so. Carvana believes that they can commit fraudulent sales with impunity.

The matters that have been ordered to be in this arbitration are replete with fraud committed by the three (3) listed Respondents – Carvana, Bridgecrest, and Drive Time. Saddler is concerned that the Arbitrator's inability to sanction the Respondents due to the Jams Rules

will have a negative impact on his ability to be fully compensated for all relief that he would have been able to receive in Missouri State Court.

Therefore, Saddler asserts that the Arbitrator determine that the Arbitrator does not have jurisdiction over the following causes of actions: **(EXHIBIT 3 Count 2 & 5)**.

In the alternative, should the Arbitrator determine the jurisdiction and arbitrability issues of the above cited causes of action in favor of the Respondent's, the Arbitrator should accept **(EXHIBIT 3 Count 2 & 5)** with in **(Amended Exhibit 4)** as his amended claims as required in paragraph 3 of "Order No. 9 Plan of Discovery" nunc pro tunc to May 27, 2022 as this request meets the timeline of Order No. 9.

WHEREFORE, the Arbitrator should grant this request to determine jurisdiction and arbitrability issues pursuant to Jams Rule 11(b) or in the alternative accept **Exhibit 4** as his amended claims nunc pro tunc to May 27, 2022.

Respectfully submitted,

**Richard Saddler**, *Pro Se*
413 Genoa Drive
Manchester, Missouri 63021
Telephone: (310) 428-2110
Email:

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Process Server and or emailed, and/or certified US Postal Service to the registered agents or Representatives listed below on this 26th day of May 2022, to the following:

**William A. Brasher**
Boyle Brasher LLC
1010 Market Street. Ste. 950
St. Louis, MO 63104

**M. Thomas McFarland**
Gullett Sanford Robinson & Martin PLLC
150 Third Avenue South, Ste. 1700
Nashville, TN 37201

*Attorney for all Defendants*
*Carvana, LLC*
*Drive Time Automotive Group, Inc.*
*Bridgcrest Acceptance Corporation*

Richard Saddler, *Pro Se*