## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION AT ST. LOUIS

| | |
|---|---|
| RICHARD SADDLER, ) <br> ) <br>    Plaintiff/Movant, ) <br> ) <br> v. ) <br> ) <br> CARVANA, LLC, an Arizona Limited ) <br> Liability Company, BRIDGECREST ) <br> ACCEPTANCE CORPORATION, an ) <br> Arizona Corporation, and DRIVETIME ) <br> AUTOMOTIVE GROUP, INC., a Delaware ) <br> Corporation, ) <br> ) <br>    Defendants/Respondents. ) <br> ) <br> _____ ) | Civil Action No. 4:23-cv-00150-HEA |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Local Rule 4.01, Carvana, LLC ("Carvana"), Bridgecrest Acceptance Corporation ("Bridgecrest"), and DriveTime Automotive Group, Inc. ("DriveTime"), (collectively, "Defendants"), state as follows for their Memorandum of Law in Support of Their Motion to Dismiss for Lack of Subject Matter Jurisdiction:

### I.     INTRODUCTION

The "Motion for Order Vacating Partial Final Arbitration Award and Any Subsequent Award Issued by Arbitrator" (the "Motion to Vacate") (Doc. 1), Plaintiff/Movant, Richard Saddler ("Saddler"), filed in this Court on February 9, 2023, constitute his latest effort to prolong this dispute, which first arose in 2018. The parties arbitrated Saddler's claims to finality before the Honorable Lawrence E. Mooney (Ret.) ("Judge Mooney") after this Court compelled those claims

to arbitration, as detailed *infra*. Saddler now seeks to vacate that Final Award[1] pursuant Section 10 of the Federal Arbitration Act ("FAA").  9 U.S.C. § 10.  However, the FAA does not bestow federal jurisdiction on Saddler's request for relief, and that request is foreclosed by the Supreme Court's recent decision in *Badgerow v. Walters*, 142 S. Ct. 1310 (2022) as no independent basis for jurisdiction exists. Since Saddler's Motion to Vacate fails to establish the existence of subject matter jurisdiction, the Court should dismiss it for want of same.

## II.     RELEVANT FACTS AND PROCEDURE

This is the fourth time Saddler's claims, in one form or another, are before this Court.  As such, a brief explanation of the relevant facts and procedure of this case is warranted.

### A. Saddler's Previous Lawsuits.

Saddler initially sued Carvana in the Circuit Court for St. Louis County, Missouri on May 13, 2019 (the "First Action") via a Verified Petition, which Carvana removed to this Court in proceedings styled *Saddler v. Carvana, LLC*, No. 4:19-cv-01646-HEA, United States District Court for the Eastern District of Missouri.  (Not. Removal, First Action Doc. 1; Ver. Pet., First Action Doc. 1-1).[2]  Saddler's Verified Petition in the First Action stated two causes of action, and Carvana removed it to this Court after Saddler demanded $500,000 to resolve his claims.  (Not. Removal, First Action Doc. 1, ¶ 12; Fist Action Doc. 1–2).  Later, Saddler stipulated in open court in the First Action that he was not seeking in excess of $75,000 in damages and this Court

---

[1] Saddler filed his Motion to Vacate the day before Judge Mooney's Final Award issued, but it is clear he seeks relief vacating same.

[2] The Corporate Parties note that the Court is permitted to take judicial notice of docket entries and filings both from state court and this District. *See, e.g.*, *Williams v. Roper*, No. 4:13-CV-2440 CAS, 2016 U.S. Dist. LEXIS 108286, at *11 ("The Court further notes that it may take judicial notice of the docket entries and filings from state court and this District.") (citing *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) ("[W]e may take judicial notice of judicial opinions and public records[.]")

remanded. (Order, First Action Doc. 22; Jun. 18, 2019, Tr., First Action Doc. 23, 7:1–8:7, 10:2–11:3). Saddler then voluntarily dismissed the First Action.

Saddler refiled his claims in Missouri state court on December 23, 2019, asserting the same two causes of action and adding an additional five (5) counts to his Petition seeking compensatory and punitive damages and attorneys' fees (the "Second Action") in proceedings styled in this court as *Saddler v. Carvana, LLC*, No. 4:20-cv-00105-HEA, United Sates District Court for the Eastern District of Missouri. (Not. Removal, Second Action Doc. 1, ¶ 11). Counsel for Carvana conferred with Saddler regarding the amount in controversy, and Saddler refused to stipulate that he was not seeking in excess of $75,000 in damages. (Id. at ¶¶ 12–14). After removing the Second Action to this Court, Carvana moved to compel Plaintiff's claims to arbitration pursuant to a valid, enforceable arbitration agreement between the parties. (Mot. & Mem., Second Action Docs. 7, 8). Saddler opposed Carvana's efforts to compel arbitration, which this Court rejected, "conclud[ing] that [Saddler's] position is not credible in light of the weight of evidence contrary to his statements." *Saddler v. Carvana*, 2020 U.S. Dist. LEXIS 143276, at *9 (E.D. Mo. Aug. 11, 2020). The Court then compelled the matter to arbitration and dismissed Saddler's action, holding that *this entire controversy* would be resolved by arbitration. *Id.* at *9–10.

**B. The State Action, Saddler's Notice Of Removal, And Arbitration Proceedings.**

After this Court compelled Saddler's claims to arbitration in the Second Action, Saddler failed to take any steps to institute arbitration proceedings as provided for in the relevant Arbitration Agreement, and, eventually, Bridgecrest filed suit in Missouri state court in proceedings styled *Bridgecrest Acceptance Corporation v. Saddler*, No. 21SL-CC01705, St. Louis County, Missouri Circuit Court (the "State Action") on April 15, 2021, seeking damages for

3

Saddler's breach of the Retail Installment Contract ("RIC") between Carvana and Saddler.[3] (State Court File, Doc. 1-12, pp. 1, 10-21). Bridgecrest served Saddler with a summons and the Petition on May 20, 2021. (Id. at p. 2). By this time, Saddler also instituted JAMS arbitration proceedings against Carvana on or about May 12, 2021, styled *Saddler v. Carvana, LLC*, JAMS Ref. No. 1440007303 (the "Arbitration"). Saddler attempted to remove the State Action to this Court, which remanded it to the St. Louis County Circuit Court on December 16, 2021. *See Bridgecrest Acceptance Corp. v. Saddler*, No. 4:21CV1096 JCH (E.D. Mo. Dec. 16, 2021). The State Action is currently stayed pending the conclusion of the Arbitration proceedings.

### C. **Defendants Prevail In Arbitration, The Arbitrator Issues His Final Award, And Saddler Files The Instant Motion to Vacate.**

On November 1, 2022, the Arbitrator conducted an in-person evidentiary hearing in the Arbitration in Clayton, Missouri. The parties submitted post-hearing briefing on January 3, 2023, and Judge Mooney issued a Partial Final Award on January 18, 2023. (Partial Final Award, attached as **Exhibit 1**). Judge Mooney denied all of Saddler's claims for relief and ruled in favor of Carvana on its sole counterclaim, awarding it possession of the 2015 GMC Terrain that is the subject of this dispute (the "Vehicle") within ten (10) days. (Partial Final Award, **Exhibit 1**, pp. 7–8). The only issue left for "further resolution" in the Partial Final Award was Defendants' request for attorneys' fees or costs of administering the Arbitration, should they elect to make such a request. (**Id.** at p. 7). Saddler failed to comply with the Partial Final Award, and filed the instant Motion to Vacate on February 9, 2023.[4] (Doc. 1). After the Defendants declined to request attorneys' and costs in the Arbitration—in the spirit of finally bringing this matter to conclusion

---

[3] Bridgecrest is often, although not always, the entity pursuing parties in default of Carvana's RICs.

[4] Saddler failed to provide any Defendant notice of his Motion to Vacate as required by the FAA. *See* 9 U.S.C. § 12 (establishing the methods by which a movant seeking to vacate, modify, or correct an award must provide notice to the adverse parties). Rather, Defendants independently became aware of the instant proceedings.

4

over four (4) years after it arose—the Arbitrator issued his Final Award on February 10, 2023. (Final Award, attached as **Exhibit 2**).[5]

### III.   ARGUMENT AND AUTHORITY

The Court must dismiss this matter pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) due to Saddler's failure to establish subject matter jurisdiction, consistent with *Badgerow*.

**A.   *Badgerow* And Its Effects On Motions to Vacate And/or Confirm Under The FAA.**

It is axiomatic that "district courts may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). And "[t]he FAA 'bestows no federal jurisdiction.'" *Hursh v. DST Sys.*, 54 F.4th 561, 563 (8th Cir. 2022) (quoting *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 522 U.S. 576, 581 (2008)). Accordingly, "a federal court may entertain an action brought under the FAA only if the action has an 'independent jurisdictional basis.'" *Badgerow*, 142 S. Ct. at 1316 (quoting *Hall Street*, 552 U.S. at 582)). Further, applicants seeking confirmation or vacatur of an arbitration award "must establish an 'independent jurisdictional basis [on] the face of the application itself.'" *Hursh*, 54 F.4th at 564 (alteration in original). Where an applicant fails to establish the prerequisites of subject matter jurisdiction, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate. *See Radford v. U.S.*, 178 F. Supp. 3d 784, 788 (E.D. Mo. 2016); *see also Phillips v. Leland Stanford Junior Univ.*, 104 F. Supp. 3d 987, 990 (E.D. Mo. 2015) ("Dismissal under Rule 12(b)(1) is appropriate if the issue before the court is whether the plaintiff has failed to satisfy a threshold jurisdictional requirement.")

---

[5] The Partial Final Award and the Final Award are identical save the paragraph addressing Defendants' declination of an award of attorneys' fees and costs. (*See* Final Award, **Exhibit 2**, p. 7).

### B. Saddler's Motion To Vacate Fails To Establish Subject Matter Jurisdiction.

The party invoking federal jurisdiction bears the burden of establishing the basis for such jurisdiction. *CCL Indus. v. Laser Band, LLC*, No. 4:15-cv-1431-JAR, 2016 U.S. Dist. LEXIS 64603, at *6 (E.D. Mo. May 17, 2016). A reviewing District Court "may look only to the application actually submitted to it in assessing its jurisdiction." *See Hursh*, 54 F.4th at 564 (quoting *Badgerow*, 142 S. Ct. at 1314). Saddler's Motion to Vacate fails to establish the requisite subject matter jurisdiction. Indeed, the Motion to Vacate makes zero jurisdictional statements or allegations whatsoever—whether founded upon a federal question or diversity jurisdiction. Put simply, Saddler fails to carry his burden to invoke federal jurisdiction as he failed to address the issue entirely. For this reason alone, Saddler's Motion to Vacate should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

Even had Saddler alleged that this Court possesses diversity jurisdiction[6] to determine his Motion to Vacate, the Final Award demonstrates that this matter does not satisfy the $75,000 amount in controversy requirement. *See Dyrdal v. Enbridge, Inc.*, 738 F. Supp. 2d 927 (D. Minn. 2010) (assessing, among others, the amount of the arbitration award to determine whether the amount in controversy requirement for diversity jurisdiction was met). The crux of the Final Award is Judge Mooney's award of "ownership and possession" of the Vehicle to Carvana. (Final Award, **Exhibit 2**, p. 8). Accordingly, Judge Moony held that "Carvana is awarded replevin of the 2015 GMC Terrain identified by VIN 2GKFLZE35F6281225." (**Id.**) The value of the Vehicle does not exceed the $75,000 jurisdictional threshold. Indeed, the RIC between Carvana and

---

[6] No reasonable argument can be made that Saddler's Motion to Vacate invokes a federal question.

Saddler, pursuant to which he financed the purchase of the Vehicle reflects a "Total Sales Price" of only $37,904.53.  (RIC, attached as **Exhibit** 3, p. 1).

In sum, even if this Court were to address Saddler's burden of invoking subject matter jurisdiction—which it should not as he failed to do it himself as required—it is clear that the requirements of diversity jurisdiction do not currently exist in this case.  As such, the Court should dismiss Saddler's Motion to Vacate for lack of subject matter jurisdiction.

## IV.    CONCLUSION

In sum, the instant proceedings are yet another attempt by Saddler to prolong and obfuscate this dispute without any basis to do so.  That said, this Court is not the proper forum for Saddler's alleged grievances as the Motion to Vacate woefully fails to establish the requisite subject matter jurisdiction as the Supreme Court announced in *Badgerow*.  This Court should grant Defendants' Motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3), dismiss Saddler's Motion to Vacate for lack of subject matter jurisdiction, and award Defendants such other, further, and general relief as the Court deem just and appropriate.

This 13th day of March, 2023.	Respectfully submitted,

   /s/William A. Brasher_____
William A. Brasher (Mo. Bar #30155)
**REIFERS HOLMES & PETERS, LLC**
1010 Market Street, Ste. 950
St. Louis, Missouri 63104
Phone: (314) 621-770
Facsimile: (314) 621-1088
wbrasher@rhpfirm.com

and

Christopher W. Cardwell (Mo. Bar # 49583)
M. Thomas McFarland (*pro hac vice* forthcoming), #033432 (TN)
**GULLETT SANFORD ROBINSON & MARTIN PLLC**
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Phone: (615) 244-4994
Facsimile: (615) 256-6339
ccardwell@gsrm.com
tmcfarland@gsrm.com

*Counsel for Bridgecrest Acceptance Corporation, Carvana, LLC, and DriveTime Automotive Group, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 13, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. The party or parties served are as follows:

Richard Saddler
413 Genoa Drive
Manchester, MO 63021

           /s/William A. Brasher