EXHIBIT

1

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| Richard Saddler, | ) |
| | ) |
| Claimant, | ) |
| | ) |
| vs. | )   JAMS Ref. No 1440007303 |
| | ) |
| Carvana LLC, et al. | ) |
| | ) |
| Respondents | ) |

## Partial Final Award

### Introduction and Procedural History

This matter came to arbitration by virtue of an Order from Hon. Henry Edward Autrey of the United States District Court, entered on August 11, 2020, in the matter of *Richard Saddler vs. Carvana, LLC*, Case No. 4:20CV105 HEA. In that Order, Judge Autrey granted the motion of Carvana LLC ("Carvana") to compel arbitration. This was in accordance with a certain Arbitration Agreement dated September 21, 2018, between Richard Saddler ("Claimant") and Carvana. The Arbitration Agreement provided for the resolution of claims by arbitration subject to certain detailed provisions. Both Judge Autrey and I have independently determined that Claimant executed the Arbitration Agreement based on the credible evidence.

On May 20, 2021, the Claimant filed his Demand for Arbitration. On June 17, 2021, the undersigned was appointed Arbitrator, having been jointly selected by the parties on June 14, 2021. Order No. 6 allowed the Claimant to file against additional Respondents due to the breadth of wording in the Arbitration

Agreement. That ultimately resulted in the addition of causes of action against Bridgecrest Acceptance Corporation ("Bridgecrest"), and DriveTime Automotive Group, Inc. ("DriveTime") (collectively with Carvana, "Respondents").

## Parties and Counsel

**Claimant:**

Richard Saddler appearing pro se[1] ("Claimant")
413 Genoa Drive
Manchester, Missouri  63021

**Respondents:**

Carvana LLC ("Carvana")

Bridgecrest Acceptance Corporation ("Bridgecrest")

DriveTime Automotive Group, Inc. ("DriveTime")

Representing all Respondents:

Thomas McFarland
Christopher Caldwell
Gullett Sanford Robinson & Martin PLLC
150 3rd Avenue South
Suite 1700
Nashville, Tennessee 37201

---

[1] As reflected in Order No. 1, because Claimant is unrepresented, I reviewed with him the information contained in the "Unrepresented Party Informational Notice" used by JAMS at the outset of this arbitration.

JAMS Ref. No 1440007303

## Pleadings

On November 1, 2022, the matter came for Hearing. At that time Claimant's causes of actions were:

Count 1 – Breach of Contract (Carvana and Bridgecrest);

Count 2 – Statutory Fraud (Carvana);

Count 3 – Violations of the Missouri Merchandising Practices Act (Carvana and Bridgecrest);

Count 4 – Violation of the Covenant of Good Faith and Fair Dealing (Carvana, Bridgecrest, and DriveTime);

Count 5 – Constructive Fraud/Negligent Misrepresentation (Carvana);

Count 6 – Unjust Enrichment (Carvana and Bridgecrest); and

Count 7 – Negligent Infliction of Emotional Distress (Carvana, Bridgecrest, and DriveTime).

Respondent Carvana asserts that Claimant breached the contract and seeks either damages and or recovery of the vehicle.

## The Hearing

A Hearing in this matter was conducted on November 1, 2022.              . Claimant and Dori Guest, a former employee of Carvana, testified under oath. Exhibits were tendered by Claimant and Respondents. Subject to certain objections and qualifications, all exhibits in the Exhibit Book were received into evidence. [Transcript, page 33.] I overruled Claimant's objection to Carvana's recordings of Claimant. [Transcript, pages 135-136.] Although Respondents' objection to Claimant's late production of discover appears meritorious, I overrule

the objection and will receive the exhibits in evidence to resolve this arbitration on a complete record. Claimant dismissed Count 7 – Negligent Infliction of Emotional Distress directed to Carvana, Bridgecrest, and DriveTime at the Hearing, leaving Counts 1 through 6 to be resolved.

## Disputed Matters

This parties have advanced two distinct narratives about Claimant's purchase from Carvana of an automobile—a 2015 GMC Terrain identified by VIN 2GKFLZE35F6281225, which still has not been titled and registered in Missouri some four years after its purchase.

To the extent my findings differ from any party's position, it is the result of a determination as to credibility and relevance, burden-of-proof considerations, legal principles, and the weighing of evidence, both oral and documentary. Claimant bears the burden of proof as to his claim; Carvana bears the burden of proof as to its counterclaim.

On September 21, 2018, Claimant purchased the vehicle from Carvana. Claimant executed a Retail Purchase Agreement, a Retail Installment Contract, and an Arbitration Agreement with Carvana electronically via DocuSign application. The vehicle was to be titled and registered in Missouri by Carvana. These agreements, among other things, required Claimant to pay for the vehicle[2] and Carvana to title it. They also imposed a covenant of good faith and fair dealing.

---

[2] Claimant agreed to pay Carvana 71 monthly payments in the amount of $527 and 1 final monthly payment of $487.53.

Carvana informed Claimant that the automobile failed its emissions testing. [Hearing Ex. 13, Carvana_Saddler 000247.]  Claimant opted to take delivery of the vehicle nonetheless.  The automobile was delivered to Claimant at his home at 413 Genoa Drive in St. Louis County, Missouri.  Claimant represented to Carvana that he would have the emissions tested and provide the required emissions inspections to Carvana.  Carvana repeatedly prodded Claimant to fulfill this commitment.  Claimant failed to keep the commitment.  No certificate of title for the vehicle has ever been issued by the Missouri Department of Revenue.

I do not find Claimant's testimony credible for many reasons.  Claimant has been convicted of federal mail fraud in 2006 and three counts of federal wire fraud in 2014.  Claimant explained that he abandoned efforts to work with Carvana because of an email that threatened repossession. [Transcript, page 51.]  I do not credit this explanation.  I likewise reject Claimant's testimony that he wished to avoid litigation [Transcript, page 80.]  His conduct in this arbitration refutes that testimony.  Claimant first represented that he had signed the arbitration agreement. [Transcript, pages 97, 105-106.]  But Claimant later represented that he did not sign the arbitration agreement.  Although Claimant portrays his earlier representation as a mere error of memory [Transcript, page 98], this conflicts with his later detailed memory of how the documents of sale were executed in this transaction.  Claimant also did not include in his St. Louis County petition that he mailed an original emissions inspection report to Carvana, even though this issue is central to his dispute with Carvana. [Transcript, pages 106-107.] Claimant's testimony does not "add up."  Because Claimant bears the burden of proof of his claims, his lack of credibility in and of itself defeats each and every claim he asserts.

JAMS Ref. No 1440007303

Claimant's primary complaint is that the car has not been titled in Missouri. Claimant cites Section 301.210. I do not find that the Missouri statute governs unless a certificate of ownership was issued before the sale and was registered in Missouri. Moreover, the lack of titling is principally the consequence of Claimant's own failure to cooperate to secure the necessary emissions inspection. I find no liability for this on the part of any Respondent. Likewise, I am mindful that it was Claimant who opted to accept delivery of the vehicle without the title and then dishonestly failed to cooperate in its titling. Further, it is Claimant who breached the contract by failing to cooperate in the vehicle's titling and failing to make payments as required.

Claimant also faults Bridgecrest for its mistaken St. Louis County filing. But this filing resulted in no actual damages to Claimant.

Indeed, I reject all of the Claimant's evidence of damages. He seeks over a million dollars in damages for a dispute that could have readily been resolved. And he does this despite the fact that he has possessed and used the vehicle and stopped making payments on the vehicle in 2019.

I find the testimony of Dori Guest and the declarations of Grace DeJohn, Joshua Brown, and Dori Guest to be credible. I find the exhibits submitted by Respondents credible. I find that Claimant breached his contract with Carvana by failing to pay the amounts he owed after February of 2019. Likewise, he breached the contract by failing to honor his agreement to provide the necessary emissions inspection. Carvana has elected to seek the replevin of the vehicle rather than damages.

The Hearing conducted on November 1, 2022 was held open to allow receipt of the transcript and post-Hearing briefing [Transcript, pages 318 ff.] The post-Hearing briefs were received on January 3, 2023. At that time, the principal dispute was concluded to allow for entry of a partial final award. This partial final

award concludes the principal dispute and conclusively settles the claims advanced by Claimant and the counterclaim advanced by Carvana.  Claimant is not entitled to ownership or possession of the vehicle.  Nor is Claimant entitled to any damages.  Carvana is entitled to ownership and possession of the vehicle.  I award Carvana replevin of the vehicle.

But this partial final award leaves for further resolution any award of attorneys' fees or the costs of administering the arbitration.  If Respondents intend to seek any award of attorneys' fees or the costs of administration, they shall file for such within ten days explaining the basis for such an award and supporting such filing by affidavit.  Claimant shall have ten days thereafter to file any opposition.

This partial final award is in full settlement of all claims and counterclaims submitted to this arbitration. To the extent any objection, claim or counterclaim is not specifically mentioned herein, it is denied.

### Relief Awarded

As to Count 1 wherein Claimant alleges Breach of Contract by Respondents Carvana and Bridgecrest, Claimant shall take nothing because Claimant failed to establish his claim.

As to Count 2 wherein Claimant alleges Statutory Fraud by Respondent Carvana, Claimant shall take nothing because Claimant failed to establish his claim.

As to Count 3 wherein Claimant alleges Violations of the Missouri Merchandising Practices Act by Respondents Carvana and Bridgecrest, Claimant shall take nothing because Claimant failed to establish his claim.

As to Count 4 wherein Claimant alleges Violation of the Covenant of Good Faith and Fair Dealing by Respondents Carvana, Bridgecrest, and DriveTime, Claimant shall take nothing because Claimant failed to establish his claim.

As to Count 5 wherein Claimant alleges Constructive Fraud/Negligent Misrepresentation by Carvana, Claimant shall take nothing because Claimant failed to establish his claim.

As to Count 6 wherein Claimant alleges Unjust Enrichment by Carvana and Bridgecrest, Claimant shall take nothing because Claimant failed to establish his claim.

As to Count 7 wherein Claimant alleged Negligent Infliction of Emotional Distress by Respondents Carvana, Bridgecrest, and DriveTime, Claimant dismissed this count at the Hearing.

As to the counterclaim of Carvana against Claimant wherein Carvana alleges Breach of Contract by Claimant, Carvana has proven Claimant breached the contract and that Carvana is entitled to ownership and possession of the vehicle.  Claimant shall surrender the 2015 GMC Terrain identified by VIN 2GKFLZE35F6281225 to the possession of Carvana within ten days of today's date.  Carvana is awarded replevin of the 2015 GMC Terrain identified by VIN 2GKFLZE35F6281225.

SO ORDERED.

Dated: January 18, 2023

/s/ *Lawrence E. Mooney*
Hon. Lawrence E. Mooney (Ret.)
Arbitrator
JAMS

JAMS Ref. No 1440007303