RECEIVED

MAR 24 2023

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MISSOURI

| | |
|---|---|
| RICHARD SADDLER,<br>Plaintiff<br><br>v.<br><br>CARVANA, LLC, an Arizona Limited Liability Company, BRIDGECREST ACCEPTANCE CORPORATION, and DRIVETIME AUTOMOTIVE GROUP, INC., a Delaware Corporation,<br>Defendants | DOCKET NO.<br>4:23-CV-00150-HEA<br><br><br><br><br><br>MARCH 23, 2023 |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS

The Plaintiff, Richard Saddler ("Plaintiff"), files this opposition to the Motion to Dismiss filed by Defendants Carvana, LLC ("Carvana"), Bridgecrest Acceptance Corporation ("Bridgecrest"), and DriveTime Automotive Group, Inc. ("DriveTime") (collectively, "Defendants"), dated March 13, 2023. In support thereof, Plaintiff states as follows:

### STATEMENT OF FACTS

On February 9, 2023, Plaintiff filed a Motion for Order, seeking the court's help in vacating the arbitration award in the above-captioned case. At the time Plaintiff filed such motion, the arbitrator had only issued a partial award. The final award was released the next day. Thus, Plaintiff seeks an Order, vacating the entire award of the arbitrator, pursuant to 9 U.S.C. §10.

In such Motion, Plaintiff stated that he purchased a 2015 GMC Terrain Denali (the "Vehicle") from Carvana, LLC on September 21, 2018. On the date of delivery,

1

Defendants had called Plaintiff to state that the Vehicle did not pass emissions. Plaintiff stated that he would take it through emissions himself and asked for delivery to proceed on that date. When the Vehicle was delivered, Defendants' representative approached Plaintiff to sign all required documents. Unfortunately for the representative, his computer was not working. Thus, Plaintiff could not electronically sign any documents that day. Plaintiff was able to hook up his printer, and Defendants' agent printed hard copies of the documents for Plaintiff to sign by hand. Thus, even though Defendants normally require documents to be signed online through DocuSign, Plaintiff was not able to sign the documents in this way, as he did not sign the documents prior to the delivery of the Vehicle. Following his signature, Plaintiff received a hard copy of the documents that he signed on September 21, 2018. The hard copies of these documents were presented as evidence at the Arbitration Hearing, and such documents did not include an Arbitration Agreement.

After taking possession of the Vehicle, Plaintiff took the car through emissions and sent such documentation to Defendants so that he could have the Vehicle titled and registered in his name. On November 1, 2018, Defendants began asking for additional documentation, including an "original" emissions report. Plaintiff attempted to explain that, in Missouri, there is no "original" emissions report, as the report comes right from the dealer or authorized vendor directly to the Department of Motor Vehicles to register the automobile. Plaintiff stated that he sent to Defendants the report that he received from the repair shop, but Defendants denied ever receiving anything that it could use to register the Vehicle. When Defendants kept stating that it had not received the emissions report, Plaintiff took the Vehicle through emissions a second time, paid for the second

test, and sent that report to Defendants again. Defendants continued to claim, however, that it did not receive the emissions test needed to register the Vehicle.

During the first year of owning the vehicle, Plaintiff continued to make payments and request that title and registration be transferred to him from Defendants. Defendants continued to claim that it did not have the proper paperwork to transfer such documents to Plaintiff, even though Defendants were wrong. In November 2019, Plaintiff attempted to make a payment on the Vehicle, but his payment was returned to him. Defendants had taken away his ability to make any payments and instituted a repossession against the Vehicle. Plaintiff then filed the present action.

Plaintiff originally filed the suit in the state court in Missouri. Defendants then sought to remove the case to federal court. Although Plaintiff objected to such removal, the federal court accepted the case. On August 11, 2020, the court specifically held that the federal court had jurisdiction to hear the case. See Opinion, Memorandum, and Order, dated 8/11/2020, attached hereto as **Exhibit A pg 4**. The court stated:

> Based on the record before the Court, the Court is satisfied that removal was proper. Plaintiff previously conceded less than the jurisdictional amount in the previous case, but will not do so in this case, indicating that he is seeking over $75,000 for compensatory and punitive damages. He has added additional counts to his original claims, thereby increasing the possibility of recovery of damages. He seeks attorney's fees (albeit, at this point the request is moot as Plaintiff is proceeding *pro se*) and he seeks pre and post judgment interest, again, increasing the possible monetary amount. Diversity jurisdiction exists over this matter.

In such order, after asserting that the federal court had jurisdiction to hear the case, the court ruled that the arbitration agreement between the parties was valid. Thus, although Plaintiff disputed the legitimacy of the arbitration agreement and denied ever

3

having signed an agreement, the District Court dismissed the action and the arbitration of the case started after negotiation broke down.

Following the arbitration, Plaintiff filed the Motion for Order, requesting that the federal court vacate the arbitration award based upon the arbitrator: (1) wrongfully refusing to delay the hearing pending a state court matter; (2) wrongfully refusing to allow Plaintiff to gather necessary evidence in discovery; and (3) wrongfully favoring the Defendants throughout the matter.

Defendants filed a Motion to dismiss the action, stating that the federal court must have independent jurisdiction over the matter, apart from the Federal Arbitration Act ("FAA"). Defendants argued that the federal court has no jurisdiction to hear this case and, therefore, requested dismissal. To the contrary, however, the federal court already asserted jurisdiction over this action, which still remains. Defendants' Motion to Dismiss must be denied.

## ARGUMENT

**A.   Standard of Review**

Pursuant to Fed. R. Civ. P. 12(b)(1) a motion to dismiss for lack of subject matter jurisdiction may be filed at any time. See Fed. R. Civ. P. 12(h)(3); Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). The party asserting federal jurisdiction "has the burden of proving jurisdiction." Guggenberger v. Minnesota, 198 F. Supp. 3d 973, 990 (D. Minn. 2016) (citing V S Ltd. P'ship v. Dep't of Hous. & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000)). A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) raises a factual challenge to the court's

jurisdiction, and courts may look to evidence outside the pleadings and make factual findings. See Davis v. Anthony, Inc., 886 F.3d 674, 679 (8th Cir. 2018).

**B.     Jurisdiction Has Already Been Established In This Case, And, Therefore, The Federal Court Retains Jurisdiction To Rule On This Motion**

In their Motion to Dismiss, the Defendants argue that, pursuant to Supreme Court precedent, a federal court may only entertain an action under the FAA if there is an independent jurisdictional basis. Defendants argue that there is no independent basis in this case and request that the court dismiss this action. Defendants, however, are mistaken. The federal court has already established jurisdiction in this matter, and such jurisdiction continues to hear this case at this time. Defendants' Motion to Dismiss must be denied.

In Badgerow v. Walters, 142 S.Ct. 1310 (2022), plaintiff in that case filed for an arbitration against her former employers for wrongful termination. Plaintiff lost the arbitration, and filed a case in federal court to vacate the order of the arbitrator. The Supreme Court stated that the FAA does not create jurisdiction for the federal court, and, thus, there must be an independent jurisdictional basis to resolve the matter. The Court stated that the federal court should not "look through" the complaint to the underlying facts, but must base its jurisdictional claim on the application as submitted by the plaintiff. In that case, the Court held there was no independent jurisdictional basis and dismissed the case.

The difference between Badgerow and this case, however, is that the plaintiff in that case first filed arbitration, without ever having filed a case in court. In this case, however, Plaintiff filed such case in court. Plaintiff first filed in state court, but the

5

Defendants removed the case to federal court. The federal judge (Autrey, J.) specifically held that the federal court did indeed have subject matter jurisdiction to hear the case.

Because of these differences, the case at bar is more akin to the holding in Rodgers v. United Servs. Auto. Assn'n., 2022 U.S.App. LEXIS 18895 (5th Cir.; July 8, 2002). In that case, plaintiff filed a complaint in federal court, alleging his employer had violated the Family Medical Leave Act. After filing the case, Plaintiff sought arbitration. The federal court then referred the matter to arbitration and administratively closed the case. Following the award by the arbitrator, plaintiff filed a motion to vacate in the federal court. The Fifth Circuit acknowledged that there must be an independent jurisdictional basis for the federal court to hear the case. The court held, however, that it did have jurisdiction to hear the case:

> Both this circuit and others have recognized that, when a district court with jurisdiction over a case refers the case to arbitration and orders it administratively closed, the court retains jurisdiction over the case; in turn, we have jurisdiction to review the district courts' subsequent decision to vacate or confirm an arbitration award after it reopens the case.

Id. at *4; see also Positive Software Sols v. New Century Mortg. Corp., 476 F.3d 278, 279-81 (5th Cir. 2007) (reviewing a district court's order to vacate an arbitration award after it submitted the matter to arbitration and stayed the case). The court in Rodgers held that the district court had subject matter jurisdiction over the initial complaint and then closed such case in favor of arbitration. Thus, the court held there was jurisdiction to decide the motion to vacate.

The court held similar in Smartsky Networks, LLC v. Wireless Sys. Solutions, LLC, M.D.N.C. No. 1:20-CV-000834, 2022 U.S.Dist.LEXIS 182351 (Sept., 26, 2022). In that case, the defendants argued that the federal court lacked subject matter jurisdiction

6

to confirm the arbitration award, based on the holding in Badgerow. The court in Smartsky held that the circumstances of Badgerow differed from that case. Smartsky initially filed the case in federal court, and then the parties proceeded to arbitration. "Unlike Badgerow, where the action was brought to federal court only to vacate the arbitral decision, this action originated in federal court and has been pending since." Id. at *13. The court went on to state that:

> Indeed, the Supreme Court has suggested that such situations are distinguishable from the facts of Badgerow, noting that 'where the court has authority under the [Federal Arbitration Act]... to make an order for arbitration, the court also has authority to confirm the award or to set it aside for irregularity, fraud, ultra vires, or other defect." Marine Transit Corp. v. Dreyfus, 284 U.S. 263, 275-76 (1932).

Smartsky at *13-14. The court in Smartsky went on to state that it "would be a strange interpretation of the FAA that a federal court, which has subject matter jurisdiction over claims that it subsequently refers to arbitration, is deprived of its jurisdiction to confirm or vacate the arbitration award." Id. at *14. Thus, the court ruled that this case fell outside the scope of Badgerow and ruled it did continue to have jurisdiction over the case to confirm or vacate the arbitration award.

Therefore, based upon the subsequent rulings, following Badgerow, it is apparent that this Court has retained jurisdiction to confirm or vacate the award from the arbitrator. Even though Plaintiff originally contested jurisdiction in this case, the federal court (Autrey, J.) specifically held that the court had retained subject matter jurisdiction over the case. The case was then dismissed to arbitration, and Plaintiff has sought review of such award, under the FAA. Plaintiff has brought this motion for order in the same court that dismissed the case administratively so that the case could proceed through arbitration. The case at bar is unlike the facts of Badgerow, who never filed a claim in

court, but rather went right to arbitration. Here, the federal court has already decided that it has subject matter jurisdiction to hear this case. As stated in <u>Smartsky</u>, it would be a strange interpretation of the FAA to say that a federal court, which had subject matter jurisdiction over these claims, is now deprived of jurisdiction to vacate the arbitration award. Because the court already ruled there is jurisdiction in the federal court over this case, the federal court retains such jurisdiction now to confirm or vacate the arbitration award. Defendants' Motion to Dismiss must be denied.

## **CONCLUSION**

WHEREFORE, for the foregoing considerations, the Plaintiff respectfully requests that the Defendants' Motion to Dismiss be denied. Because Defendants were originally the parties to bring this case to federal court in the first place, their allegations that the federal court somehow lacks jurisdiction now is disingenuous. Defendants should be taxed the costs of preparing this motion in opposition.

Respectfully submitted,

_____
RICHARD SADDLER
Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Richard Saddler