UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD SADDLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-00150-HEA |
| CARVANA, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Richard Saddler for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). For the reasons discussed below, the Court will deny the motion.

**Background**

Plaintiff is a self-represented litigant who brings this civil action pursuant to 9 U.S.C. § 10, seeking to vacate an arbitration award. (Docket No. 1). He names as defendants Carvana, LLC, Bridgecrest Acceptance Corporation, and Drive Time Automotive Group, Inc. The complaint – including exhibits – is 378 pages long, and is premised on plaintiff's contention that the arbitrator wrongfully refused to delay the hearing, that the arbitrator refused his request to gather pertinent evidence during discovery, and that the arbitrator was not impartial. Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis, asserting that he is unable to pay the cost of these proceedings. (Docket No. 2).

**Discussion**

Plaintiff is a self-represented litigant who has filed a motion for leave to proceed in forma pauperis. The Clerk of Court in each district court is required to collect a filing fee from any party

"instituting any civil action, suit or proceeding in such court." *See* 28 U.S.C. § 1914(a). For persons unable to pay the fee, 28 U.S.C. § 1915 allows a party to proceed in forma pauperis. *See Greaser v. State of Missouri, Dep't of Corrs.*, 145 F.3d 979, 985 (8th Cir. 1998). This statute "is designed to ensure that indigent persons will have equal access to the judicial system." *Id*. Pursuant to § 1915, a federal district court may authorize the commencement of a civil action without prepayment of the fees "by a person who submits an affidavit that includes a statement of all assets such [person] possesses." 28 U.S.C. § 1915(a)(1). *See also* E.D. Mo. L.R. 2.05(A) ("An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. The Court may require the submission of additional information in a particular case").

Being granted in forma pauperis status, however, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a plaintiff has to demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The determination of whether to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is within the sound discretion of the trial court. *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000).

In his motion, plaintiff states that he is employed, that he makes $85,000 a year, and that his take home wages are $4,000 a month. With regard to assets, plaintiff asserts that he has a home and an automobile. While he has listed a number of expenses and financial obligations, plaintiff's income indicates that he has the ability to pay the filing fee in this action without preventing him from affording the basic necessities of life.

Because plaintiff does not qualify for in forma pauperis status, he is required to pay the entire filing fee before proceeding. He will be given twenty-one (21) days from the date of this order in which to make such payment. Failure to pay the full filing fee within twenty-one (21) days will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff must pay the entire filing fee within **twenty-one (21) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff does not pay the entire filing fee within **twenty-one (21) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

Dated this 31st day of March, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE