RECEIVED
MAY 05 2023
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

)
RICHARD SADDLER, )
    Plaintiff )
) DOCKET NO.
v. ) 4:23-CV-00150-HEA
)
CARVANA, LLC, an Arizona Limited Liability )
Company, BRIDGECREST ACCEPTANCE )
CORPORATION, and DRIVETIME )
AUTOMOTIVE GROUP, INC., a Delaware )
Corporation, )
    Defendants ) MAY 5, 2023
)

## PLAINTIFF'S MOTION TO STAY FEDERAL CASE PENDING STATE CASE

The Plaintiff, Richard Saddler ("Plaintiff"), files this Motion to Stay against Defendants Carvana, LLC ("Carvana"), Bridgecrest Acceptance Corporation ("Bridgecrest"), and DriveTime Automotive Group, Inc. ("DriveTime") (collectively, "Defendants"), pending the outcome of a state court action. In support thereof, Plaintiff states as follows:

## STATEMENT OF FACTS

On February 9, 2023, Plaintiff filed a Motion for Order in this Court, seeking the court's help in vacating the arbitration award in the above-captioned case. At the time Plaintiff filed such motion, the arbitrator had only issued a partial award. The final award was released the next day. See Final Arbitration Award, attached hereto as **Exhibit A**. Thus, Plaintiff sought an Order, vacating the entire award of the arbitrator, pursuant to 9 U.S.C. §10.

1

In such Motion, Plaintiff stated that he purchased a 2015 GMC Terrain Denali (the "Vehicle") from Carvana, LLC on September 21, 2018. On the date of delivery, Defendants had called Plaintiff to state that the Vehicle did not pass emissions. Plaintiff stated that he would take it through emissions himself and asked for delivery to proceed on that date. When the Vehicle was delivered, Defendants' representative approached Plaintiff to sign all required documents. Unfortunately for the representative, his computer was not working. Thus, Plaintiff could not electronically sign any documents that day. Plaintiff was able to hook up his printer, and Defendants' agent printed hard copies of the documents for Plaintiff to sign by hand. Thus, even though Defendants normally require documents to be signed online through Docusign, Plaintiff was not able to sign the documents in this way, as he did not sign the documents prior to the delivery of the Vehicle. Following his signature, Plaintiff received a hard copy of the documents that he signed on September 21, 2018. The hard copies of these documents were presented as evidence at the Arbitration Hearing, and such documents did not include an Arbitration Agreement.

After taking possession of the Vehicle, Plaintiff took the car through emissions and sent such documentation to Defendants so that he could have the Vehicle titled and registered in his name. On November 1, 2018, Defendants began asking for additional documentation, including an "original" emissions report. Plaintiff attempted to explain that, in Missouri, there is no "original" emissions report, as the report comes right from the dealer or authorized vendor directly to the Department of Motor Vehicles to register the automobile. Plaintiff stated that he sent to Defendants the report that he received from the repair shop, but Defendants denied ever receiving anything that it could use to

2

register the Vehicle. When Defendants kept stating that it had not received the emissions report, Plaintiff took the Vehicle through emissions a second time, paid for the second test, and sent that report to Defendants again. Defendants continued to claim, however, that it did not receive the emissions test needed to register the Vehicle.

During the first year of owning the vehicle, Plaintiff continued to make payments and requested that title and registration be transferred to him from Defendants. Defendants continued to claim that it did not have the proper paperwork to transfer such documents to Plaintiff, even though Defendants were wrong. In November 2019, Plaintiff attempted to make a payment on the Vehicle, but his payment was returned to him. Defendants had taken away his ability to make any payments and instituted a repossession against the Vehicle. Plaintiff then filed the present action.

Plaintiff originally filed the suit in the state court in Missouri. Defendants then sought to remove the case to federal court. Although Plaintiff objected to such removal, the federal court accepted the case. On August 11, 2020, the court specifically held that the federal court had jurisdiction to hear the case. In such order, after asserting that the federal court had jurisdiction to hear the case, the court ruled that the arbitration agreement between the parties was valid. Thus, although Plaintiff disputed the legitimacy of the arbitration agreement and denied ever having signed an agreement, the District Court dismissed the action and the arbitration of the case continued.

While the case was pending in arbitration, on April 15, 2021, Bridgecrest filed suit against Plaintiff in state court in Missouri as **Exhibit B.**, which petition was amended on May 26, 2021 (the "State Case[1]") but never filed with the Court. Bridgecrest filed suit

---

[1] *Bridgecrest Acceptance Corp. v. Saddler, et. al,* Case No. 21SL-CC01705.

on the basis of seeking a monetary judgment, arguing that Plaintiff did not pay the amount required on the loan for the Vehicle, not Replevin. See First Amended Petition, attached hereto as **Exhibit C**.

Plaintiff then filed an Answer and Third-Party Counter Complaint against the Defendants. See Answer and Third-Party Counter Complaint, attached hereto as **Exhibit D**. In such filing, Plaintiff denied the allegations from Bridgecrest. Furthermore, Plaintiff brought a counter claim against the Defendants for Breach of Contract, Statutory Fraud, a violation of the Missouri Merchandising Practices Act, Breach of the Covenant of Good Faith and Fair Dealing, Constructive Fraud/Negligent Misrepresentation, Unjust Enrichment, Negligent Infliction of Emotional Distress, and a violation of Racketeer Influenced and Corrupt Organizations Act (RICO). Such State Case is still pending before the courts in Missouri.

A few months later, Bridgecrest acknowledged that such suit was filed in retaliation for Plaintiff bringing suit against Defendants[2]. On September 21, 2021, in a Memorandum of Law in Support of Motion to Remand in Plaintiff's original case, Bridgecrest counsel stated that "[a]fter this court compelled Saddler's claims to arbitration, Saddler failed to take any steps to institute arbitration proceedings as provided for in the relevant Arbitration Agreement, and, eventually, Bridgecrest instituted an action in Missouri State Court on April 15, 2021, seeking damages for

---

[2] Plaintiff even filed a motion for sanctions against Defendants, citing their retaliatory behavior, against not only Plaintiff, but against individuals across the country, as a pattern of behavior. See Motion for Sanctions, attached hereto as **Exhibit E**. Indeed, just days before this motion was filed, there was reported a case from Houston, Texas, whereby Carvana attempted to sell a vehicle where the odometer was manipulated in their favor to increase asset value. See news article, attached hereto as **Exhibit F**. Carvana's pattern of fraudulent behavior continues and will continue until it is stopped by a court of law.

4

Saddler's breach of the retail installment contract between Carvana and Saddler." See Memorandum, attached hereto as **Exhibit B**.

In the meantime, the case that Plaintiff had filed against Defendants went through to arbitration. Following the arbitration hearing, which denied Plaintiff's claims, Plaintiff filed the Motion for Order in Federal Court, requesting that the federal court vacate the arbitration award based upon the arbitrator: (1) wrongfully refusing to delay the hearing pending a state court matter; (2) wrongfully refusing to allow Plaintiff to gather necessary evidence in discovery; and (3) wrongfully favoring the Defendants throughout the matter.

Defendants filed a Motion to Dismiss the action, stating that the federal court must have independent jurisdiction over the matter, apart from the Federal Arbitration Act ("FAA"). Defendants argued that the federal court has no jurisdiction to hear this case and, therefore, requested dismissal. To the contrary, however, the federal court already asserted jurisdiction over this action, which still remains. Plaintiff objected to such Motion to Dismiss, and that motion is still pending before this court.

The Parties now have two cases pending, one in federal court and one in state court. Plaintiff makes this motion, asking the federal court to stay this action pending the outcome of the state court case.

## ARGUMENT

Plaintiff is seeking a stay in this federal action, pending an outcome from the state court case. Thus, Plaintiff requests that this Court grant such stay, allowing the Parties to continue with this suit in the state court in Missouri.

In Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976), the Supreme Court set forth four criteria to be used in determining whether there

5

are sufficient "exceptional circumstances" to stay a federal court action in favor of a parallel state court action. These four criteria are as follows: (1) the assumption by either the federal or state court of the jurisdiction over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained. Id.; see also United States Fidelity & Guar. Co. v. Murphy Oil USA, Inc., 21 F.3d 259, 263 (8th Cir. 1994) (finding a six-factor test: "(1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority--not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights."). All of these factors weigh in favor of this Court granting Plaintiff's request for a stay of this matter.

First, the state court should have jurisdiction over this case. This case involves a car that was sold inside the state of Missouri to a citizen of Missouri. Plaintiff always disputed that the federal court ever had jurisdiction over this case, and objected to the Defendants' motion to remand to federal court and then to dismiss to arbitration. Although the federal court did hold that it had jurisdiction over this case, due to the arbitration clause in the agreement between the Parties, Plaintiff always disputed such holding. Moreover, Bridgecrest chose to file suit against Plaintiff, even with the federal case pending, and, therefore, Bridgecrest chose its forum. Furthermore, Plaintiff has filed

6

a counterclaim against Defendants, alleging violations of the laws in the state of Missouri. The Vehicle is located within the state of Missouri and Plaintiff is located within the state of Missouri. Therefore, the state court should have jurisdiction over the case and the property interest as alleged in this suit.

Second, the federal forum is much more inconvenient, as this case is already pending in state court, which has jurisdiction to hear all of the state law claims.

Third, having these two cases pending at the same time would, in effect, provide for piecemeal litigation in this case. These two cases in state and federal court are parallel. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." State Farm Fire & Cas. Co. v. Boyer, E.D.Mo. No. 4:22-CV-00387-JAR, 2022 U.S. Dist. LEXIS 122753, at *5 (July 12, 2022). These cases have the same parties and the same basic subject matter. Although Plaintiff filed suit first, in state court, Defendants chose to file suit in state court a second time. Such cases involve the Vehicle, the payment due for the Vehicle, and the means used by the Defendants to harm its customers, which includes the Plaintiff. The state court in Missouri should be allowed to rule upon the claims, under state law, before this case proceeds through federal court. The Parties wish to avoid separate holdings, which could contradict one another. Thus, it would be in the interest of all parties to stay one action so that the parties are not burning the candle at both ends. Because this state action was pending when the federal action was filed, and because it was the Defendants' choice to bring this action in state court, the federal action should stay in order to avoid piecemeal litigation and allow the Parties to focus their attention on one litigation at a time.

7

Fourth, as stated, the state court action was filed prior to this federal action. State law will prevail in these claims, and the state laws are adequate to protect Plaintiff's interests.

Thus, Plaintiff specifically requests that this Court stay this suit, allowing the state court case to continue to its merits. Defendants are the ones who chose the state court forum, in retaliation for Plaintiff filing suit against them originally. Defendants have unclean hands in this case. One who comes into court with unclean hands is not entitled to the Court's equity powers. Mahaffy v. City of Woodson Terrace, 609 S.W. 2d 233, 238 (Mo. Ct. App. 1980) ("It is well settled that a court of equity will not aid a plaintiff who comes into court with unclean hands."); see also Purcell v. Cape Girardeau County Comm'n, 322 S.W.3d 522, 523 (Mo. banc. 2010) ("A litigant with unclean hands generally is not entitled to equitable relief such as an injunction or declaratory judgment."). A party who participates in inequitable activity regarding the very issue for which it seeks relief will be barred by its own misconduct from receiving relief. Purcell, supra, at 524. Here, the Defendants have unclean hands, in bringing this retaliatory action and in the pattern of fraudulent behavior. Thus, Defendants should not be entitled to any leniency from this Court. Indeed, the pattern of this fraudulent behavior needs to be brought to light in the state court case, as this is where Defendants chose to bring their improper retaliatory case because they did not believe Plaintiff was acting quickly enough. Now that Defendants have chosen their forum, all of these actions need to be heard by the state court first. In order to avoid conflicting judgments and in order to let the Parties focus their efforts on one case at a time, Plaintiff respectfully requests that this Court stay the immediate action, pending the outcome of the state court case.

8

## CONCLUSION

WHEREFORE, for the foregoing considerations, the Plaintiff respectfully requests this case be stayed, pending the outcome of *Bridgecrest Acceptance Corp. v. Saddler, et. al*, Case No. 21SL-CC01705.

Respectfully submitted,

_____
RICHARD SADDLER
Pro Se

## CERTIFICATE OF SERVICE

      I hereby certify that on this date a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                        Richard Saddler