**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION AT ST. LOUIS**

| | | |
|---|---|---|
| RICHARD SADDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:23-cv-00150-HEA |
| | ) | |
| CARVANA, LLC, an Arizona Limited | ) | |
| Liability Company, BRIDGECREST | ) | |
| ACCEPTANCE CORPORATION, an | ) | |
| Arizona Corporation, and DRIVETIME | ) | |
| AUTOMOTIVE GROUP, INC., a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANT'S MOTION AND SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S
MOTION TO STAY FEDERAL CASE PENDING STATE CASE**

COME NOW Defendants, Carvana, LLC ("Carvana"), Bridgecrest Acceptance Corporation ("Bridgecrest"), and DriveTime Automotive Group, Inc. ("DriveTime"), (collectively, "Defendants"), and for their Motion and Suggestions in Opposition to Plaintiff's Motion to Stay Federal Case[1] pending the outcome of a state court action, state as follows:

In a strange turn of events, Plaintiff seeks to stay his Motion to Vacate the Arbitration Award issued by the Honorable E. Lawrence Mooney (Ret.) on February 10, 2023 (**Exhibit 1**) to enable him to pursue claims that he asserted in a state court action that has been stayed pending Plaintiff's challenge to vacate the Arbitration Award, *Bridgecrest Acceptance Corporation v. Richard Saddler*, Cause No. 21SL-CC01750, Circuit Court City of St. Louis. Obviously unhappy with the Arbitration Award, Plaintiff apparently seeks to obtain a different result in state court.

---

[1] Plaintiff is also referred to as "Saddler."

Case: 4:23-cv-00150-HEA   Doc. #:  10   Filed: 05/18/23   Page: 2 of 10 PageID #: 521

However, the Bridgecrest case has repeatedly been stayed by the state court pending the final resolution of the Arbitration Award.  In other words, Plaintiff seeks to stay his Motion to Vacate the Arbitration Award so he can then seek to lift the stay in the state court proceeding which the state court has ordered to remain stayed pending final resolution of the Arbitration Award.  The merry-go-round must stop.  Plaintiff's Motion to Stay is meritless and should be summarily denied.

## PROCEDURAL HISTORY

This matter has had a tortuous past beginning in Missouri state court on May 13, 2019 as set forth in Defendants' Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (Doc. #5, pp.2-5).  An abbreviated  summary of the prior proceedings follows:

05-13-19 – Plaintiff's Original Petition filed against Carvana in state court; Cause No. 19SL-CC01864[2]

06-06-19 – Carvana case removed to USDC Eastern Dist, Mo, No. 4:19-CV-01646

06-18-19 – Case remanded regarding amount in controversy not in excess of $75,000

08-05-19 – Plaintiff dismisses Petition in state court following remand

12-23-19 – Plaintiff refiles Petition refusing to stipulate damages not in excess of $75,000; 19SL-CC05679

01-22-20 – Carvana removes to federal court, No. 4:20-CV-00105-HEA

01-23-20 – Carvana Moves to Compel Arbitration

02-20-20 – Plaintiff files Motion in "Opposition to Removal"

08-11-20 – Court finds that Plaintiff executed a valid Arbitration Agreement and grants Defendant's Motion to Compel Arbitration and dismisses the case holding that

---

[2] Defendants note that the Court is permitted to take judicial notice of docket entries and filings both from state court and this District.  *See, e.g., Williams v. Roper*, No. 4:13-CV-2440 CAS, 2016 U.S. Dist. LEXIS 108286 at *11 ("The Court further notes that it may take judicial notice of the docket entries and filings from state court and this District.") (citing *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) ("[W]e may take judicial notice of judicial opinions and public records[.]")

the entire controversy will be decided by arbitration.  Plaintiff compelled to Arbitration.  **(Exhibit 2)**

04-15-21 – Bridgecrest files suit against Saddler (Defendant) for Breach of the Retail Installment Contract for payment of the vehicle; Cause No. 21SL-CC01705 following Plaintiff's failure to initiate Arbitration

05-12-21 – Plaintiff initiates JAMS arbitration proceedings against Carvana, Bridgecrest Drivetime, before the Honorable Lawrence Mooney, JAMS Ref No 140007303 per 08-11-20 Order of this Court

09-02-21 – Defendant (Saddler) removes Bridgecrest case to federal court; 4:21-CV-01096 JCH

09-03-21 – Defendant (Saddler) files Third Party Complaint and Counter-Claim against Plaintiff and Third Party Defendants

09-29-21 – Plaintiff(Bridgecrest)/Third Party Defendants file Motion to Remand

11-15-21 – Plaintiff files Third Party Counter-Complaint claim against Carvana, et al.

12-16-21 – Case remanded to state court

01-03-22 – Defendant (Saddler) files Third Party Complaint and Counter-Complaint in state court; Cause No. 22SL-CC01705

03-24-22 – Plaintiff (Bridgecrest)/Third Party Defendants file Motion to Compel Arbitration

04-25-22 – State court stays Bridgecrest suit pending the conclusion of the arbitration proceedings **(Exhibit 3)**

11-01-22 – Arbitration Evidentiary Hearing before Judge Mooney

01-09-23 – Plaintiff files Motion to Lift Stay in state court proceeding filed by Bridgecrest

01-31-23 – Plaintiff's Motion to Lift Stay in Bridgecrest suit Denied as premature and orders parties to report within 30 days of the conclusion of arbitration **(Exhibit 4)**

02-09-23 – Partial Arbitration Award issued by Judge Mooney

02-09-23 – Plaintiff files Motion to Vacate the Arbitration Award in this Court[3]; 4:23-CV00150-HEA

02-10-23 – Final Arbitration Award issued by Judge Mooney **(Exhibit 1)**

03-11-23 – Plaintiff files Notice of Hearing to Lift Stay in state court for 4-27-23; 22SL-CC01705

03-13-23 – Carvana files Motion to Remand this case for Lack of Jurisdiction (pending)

03-24-23 – Plaintiff files Motion in Opposition to Motion to Remand

04-27-23 – Plaintiff's Motion to Lift Stay heard in state court. Stay not lifted and matter continued to 7-18-23 for Status Conference pending Motion to Vacate in federal court. **(Exhibit 5)**

## ARGUMENT

This is Plaintiff's latest attempt to avoid the impact of the Arbitration Award of February 10, 2023 in which the Arbitrator denied all of Plaintiff's claims finding that:

> … Carvana has proven Claimant [Saddler] breached the contract and that Carvana is entitled to ownership and possession of the 2015 GMC Terrain identified by VIN 2GKFLZE35F6281225 to the possession of Carvana within ten days of today's date. …[4]

If Plaintiff succeeds in having this Court stay his Motion to Vacate, he will continue to utilize the vehicle which he has not paid for in years hoping to get a different result in state court, asserting claims that were rejected by Judge Mooney, which has been stayed while the matter is pending in this Court per Plaintiff's Motion to Vacate.

---

[3] Plaintiff seeks to vacate the Arbitration Award based on Judge Mooney's (1) wrongfully refusing to delay the hearing pending Plaintiff's state court matter; (2) wrongfully refusing to allow Plaintiff to gather necessary evidence in discovery; and (3) wrongfully favoring the Defendants throughout the matter.  (Plaintiff's Motion to Stay, p 5).
[4] Judge Mooney presided over the Arbitration wherein all claims and defenses which arose out of the same transaction for the sale and financing of an automobile purchased by Defendant were arbitrated.

On April 25, 2022, counsel for Bridgecrest and Defendant, appearing *pro se*, came before the St. Louis County Circuit Court for a hearing on Bridgecrest's motion seeking to compel arbitration  and dismiss or stay this proceeding pending arbitration. The Court granted Bridgecrest's request for relief "to the extent the entire matter is stayed pending the conclusion of the arbitration proceedings." (**Exhibit 3**). The Court further ordered the parties to "report to Court within 30 days of the conclusion of the arbitration proceedings." (Id.).

On November 1, 2022, an evidentiary hearing was conducted in the Arbitration but before Judge Mooney could issue a Final Award, Saddler filed a: (i) Motion for Relief From Stay (the "Stay Motion"); and (ii) Motion for Sanction [sic] Against All Opposing Parties and Their Legal Counsel (the "Sanctions Motion"), on January 9, 2023 in the state court proceeding.  Bridgecrest responded to both Motions on January 20, 2023.  On January 31, 2023, Saddler and counsel for Bridgecrest appeared for hearing on the Stay and Sanctions Motions on January 31, 2023. Since Judge Mooney had not issued a Final Award, the Court denied the Stay Motion without prejudice as to refiling, and denied the Sanctions Motion. (**Exhibit 4**). This Court ordered the parties to report back within thirty (30) days of the conclusion of the arbitration proceedings.

Judge Mooney issued his Final Award on February 10, 2023, **(Exhibit 1)** and Saddler immediately instituted proceedings in this Court seeking to vacate the Final Award pursuant to the Federal Arbitration Act. (Doc. #1).  Defendants in this proceeding and have moved to dismiss it for lack of subject matter jurisdiction as the amount of the Final Award does not satisfy the $75,000.00 monetary requirement for purposes of diversity jurisdiction. (Doc. #4).  Saddler filed a response in opposition to that request for dismissal. (Doc. #6).  The District Court has yet to rule on that motion and, as a result, Saddler's vacatur proceedings remain pending.

The Court should not stay Plaintiff's action. Indeed, upon its confirmation, the Final Award will dispose of this litigation in its entirety, including the state court case which would be dismissed.

*See, e.g.*, *Hoelscher v. Patton*, 842 S.W.2d 127, 128 (Mo. App. E.D. 1992) (holding that an arbitration award constituted a final judgment on the merits subject to res judicata principles); *see also In re Enter. Warranty Grp., LLC*,416 B.R. 651,655 (Bankr. E.D. Mo. 2009) ("In this jurisdiction, arbitration awards have the same effects under the rules of *res judicata* as a judgment of a court, subject to the same exceptions and qualifications.") (citing *Wellons, Inc. v. T.E. Ibberson Co.*, 869 F.2d 1166, 1168–69 (8th Cir. 1989)). All of the claims that Saddler seeks to pursue in state court are part and parcel with the claims that were, or should have been, raised in the Arbitration. Indeed, they all arise out of Saddler's purchase of the automobile that the Final Award has ordered he return to Carvana. As such, those claims should have been raised, if at all, in the Arbitration.

Staying Plaintiff's Motion to Vacate would, if permitted by this Court, presumably permit Plaintiff to pursue the very claims that were resolved in the Arbitration proceeding.  Such a result is the poster child of the fallacy of Plaintiff's argument that the relief he seeks would preclude any inconsistent results.  The first five pages of Plaintiff's Motion to Stay are essentially a rehash of his arguments before the Arbitrator and history of the case which interestingly, confirms that the Arbitration Agreement was valid and that the case was subject to arbitration. (Doc. #8, Pl.'s Mot. p. 3).  Nonetheless, in his Motion, Plaintiff argues that *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976) and *United States Fidelity & Guar. Co. v. Murphy Oil USA, Inc.,* 21 F.3d 259 (8th Cir. 1994) support his efforts to stay the final resolution of this matter.  They do not.

*Colorado River* involved the application of the abstention doctrine following the District Court's dismissal of the case on that basis, as a result of a subsequently filed state court suit to adjudicate water rights.  On appeal, the Circuit Court reversed.  In holding that the dismissal by the District Court was appropriate under the abstention doctrine, the Supreme Court reversed the Circuit Court's holding finding that the federal court proceeding was the appropriate forum to

6

adjudicate the water rights of the parties.  In this case, the Court has previously determined that

the appropriate forum to adjudicate the claims of the parties is arbitration pursuant to Federal

Arbitration Act and the Arbitration Agreement which was found to be valid.

The other case cited by Plaintiff, *United States Fidelity,* involved a situation in which

Fidelity filed a declaratory judgment action against its insured over insurance coverage.  21 F.3d

at 260.  Shortly thereafter, Defendant, Murphy Oil, filed a similar action in state court.  *Id.* On a

Motion by Murphy to stay the federal court action, the District Court stayed the action pending the

state court action. *Id.*  In holding that the stay was appropriate, the Circuit Court held that:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to
> proceed in a declaratory judgment suit where another suit is pending in a state
> court presenting the same issues, not governed by federal law, between the same
> parties.

*Id.* (quoting *Brillhart v Excess Ins. Co. of America,* 316 U.S. 491, 4954, 62 S.Ct 1173, 1175, 86

L.Ed. 1620 (1942)).

This case involves claims which were ordered to arbitration for resolution which has now

been decided, subject to Plaintiff's Motion to Vacate (and Defendants' motion to confirm should

this Court determine it does possess subject matter jurisdiction and deny Defendants' motion to

dismiss).  What Plaintiff seeks to do is put his Motion to Vacate on hold to enable him to relitigate

the issues involved in the arbitration in state court hoping for a different result.  The considerations

noted in *Colorado River* and *Fidelity* for abstention for a parallel state court proceeding do not

exist to justify granting Plaintiff's Motion.

For example, there is no basis for arguing that this court is an inconvenient forum as a

factor noted in *Colorado River*.  There is certainly no basis to argue that permitting Plaintiff to

adjudicate his claims in state court, previously rejected by the state court, would avoid piecemeal

litigation of the claims adjudicated in arbitration, another factor noted by *Colorado River* and *United States Fidelity*.

Ironically, Plaintiff admits that the state court case and the federal court case "provide for piecemeal litigation." (Doc. #8, Pl's  Mot. p. 7).  Plaintiff even argues that he should be permitted to argue his claims in state court "before this case proceeds through federal court … to avoid separate holdings, which could contradict one another."  Id. p.7.  The very arguments Plaintiff makes to justify the stay are completely at odds with the cases he cites and his position.

In fact, granting a stay to enable Plaintiff to convince the state court judge to lift the stay imposed pending the resolution of the validity of the Arbitration Award, would, if granted, result in piecemeal litigation and potentially conflicting results.  Obviously the result hoped for by Plaintiff.  The validity of the Arbitration Agreement has already been determined, the claims of Plaintiff have been arbitrated, and the Arbitrator has issued an Award.  Federal law, not state law, will be applied to review the Award upon Plaintiff's Motion to Vacate (and/or any motion to confirm filed by Defendants).

Lastly, Plaintiff argues that Bridgecrest filed its suit against him in retaliation for his filing suit against them originally.  There is no evidence to support Plaintiff's claim.  In fact, the Bridgecrest case was filed following Plaintiff's failure to proceed with Arbitration as he was ordered to do.  Even though there is no evidence of "unclean hands," *Colorado River* notes that abstention was "never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a state court could entertain it," citing *Alabama Pub. Serv. Comm'n v. Southern R. Co.*, 341 U.S. 341, 341 U.S. 361 (1959) (Frankfurter, J. concurring in the result.)  This is not an abstention case and certainly no "exceptional circumstances" that merit staying Plaintiff's own Motion to Vacate.  This case is before the Court by virtue of a prior order

to arbitrate and is now before the Court pursuant to Plaintiff's Motion to Vacate the Arbitration Award pursuant to 9 U.S.C. 12 for final resolution.

Plaintiff's Motion to Stay is meritless and should summarily be denied so that Defendants can pursue confirmation of the Final Award in whichever forum possesses the subject matter jurisdiction to do so.

Respectfully submitted,

    /s/William A. Brasher
William A. Brasher (Mo. Bar #30155)
**REIFERS HOLMES & PETERS, LLC**
1010 Market Street, Ste. 950
St. Louis, Missouri 63104
Phone: (314) 621-770
Facsimile: (314) 621-1088
wbrasher@rhpfirm.com

and

Christopher W. Cardwell (Mo. Bar # 49583)
M. Thomas McFarland (*pro hac vice*
forthcoming), #033432 (TN)
**GULLETT SANFORD ROBINSON &
MARTIN PLLC**
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Phone: (615) 244-4994
Facsimile: (615) 256-6339
ccardwell@gsrm.com
tmcfarland@gsrm.com

*Counsel for Bridgecrest Acceptance Corporation, Carvana, LLC, and DriveTime Automotive Group, Inc.*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.  The party or parties served are as follows:

Richard Saddler
413 Genoa Drive
Manchester, MO 63021

_____/s/William A. Brasher_____