UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICHARD SADDLER,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )    CASE NO 4:23CV150 HEA
                                    )
CARVANA, LLC, et al.,               )
                                    )
            Defendants.             )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, [Doc. No. 4]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion to Dismiss is granted.

### Facts and Background

Plaintiff filed this action seeking an Order vacating a partial final arbitration award and any subsequent award issued by the Honorable Lawrence E. Mooney (Ret.) after this Court ordered arbitration in Case No. 4:20cv105 on August 11, 2020. In its dismissal order, this Court dismissed Plaintiff's action against Defendant Carvana, LLC based on an arbitration clause contained in the parties' agreement for the sale of an automobile, a 2015 GMC Terrain SUV, VIN 2GKFLZE35F6281225. The Court ordered arbitration. Neither party requested a

stay in the case.  The case was accordingly dismissed. The Court's jurisdiction in the case was based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

The parties submitted the claims alleged in Case No. 4:20cv105 to Judge Mooney.  Judge Mooney found in favor of defendants after conducting an arbitration hearing. Subsequently, Plaintiff filed this action seeking to vacate the award to Defendants. Defendant now moves to dismiss for lack of subject matter jurisdiction.

## Discussion

Pursuant to 28 U.S.C. § 1331 and § 1332, federal courts only have original subject matter jurisdiction over two types of cases: (1) federal question cases; and (2) diversity of citizenship cases. 28 U.S.C. § 1331; 28 U.S.C. § 1332. The present action is a diversity of citizenship case. Diversity of citizenship under 28 U.S.C. § 1332 requires complete diversity. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Complete diversity "exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). As the party attempting to invoke diversity jurisdiction, it is Plaintiff's burden to investigate the citizenship of each party and properly plead the existence of diversity. *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). The existence of diversity of citizenship is determined at the time the suit in issue is instituted, not

when the cause of action arose. *Blakemore v. Mo. Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986). Moreover, because this is a diversity of citizenship case, the amount in controversy must exceed "the sum or value of $75,000." 28 U.S.C. § 1332(a).

When the Court compels arbitration, "[t]he [Federal Arbitration Act] generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3)(stating the district court "shall...stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"). The Eighth Circuit has acknowledged "a judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration," *id.* at 669-70.  The entire controversy in the original case was to be decided by arbitration. Thus, the Court dismissed the action.

In the instant matter, Defendants argue the Court lacks jurisdiction because the amount in controversy does not exceed $75,000. Plaintiff does not dispute this, rather, he argues the Court retained jurisdiction in the previous case to determine the substantive issues raised in his motion to vacate Judge Mooney's arbitration award. However, because the action was dismissed, the Motion to Vacate is not a

continuation of the original matter but is rather a new action.  As such, Plaintiff

must have an independent basis for the Court's jurisdiction.

> A federal court may entertain an action brought under the F[ederal
> Arbitration Act] only if the action has an "independent jurisdictional basis."
> *Hall Street*, 552 U.S., at 582, 128 S.Ct. 1396. That means an applicant
> seeking, for example, to vacate an arbitral award under Section 10 must
> identify a grant of jurisdiction, apart from Section 10 itself, conferring
> "access to a federal forum." *Vaden*, 556 U.S., at 59, 129 S.Ct. 1262. If she
> cannot, the action belongs in state court. The FAA requires those courts, too,
> to honor arbitration agreements; and we have long recognized their
> "prominent role" in arbitral enforcement. *Ibid.*; see *id.,* at 71, 129 S.Ct.
> 1262; *Southland Corp. v. Keating*, 465 U.S. 1, 12–16, 104 S.Ct. 852, 79
> L.Ed.2d 1 (1984).

*Badgerow v. Walters*, 142 S. Ct. 1310, 1316 (2022).

Plaintiff presents no basis for the Court's jurisdiction. Indeed, the Court's

independent review of the complaint confirms that there is no independent basis

for diversity jurisdiction over the dispute.  The subject 2015 GMC Terrain was

sold to Plaintiff for $37,904.53. There are no further damages claimed by Plaintiff.

## Conclusion

For the reasons stated herein, the Court has no jurisdiction to adjudicate this

matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack

of Subject Matter Jurisdiction,  [Doc No. 4], is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is dismissed.

A separate order of dismissal is entered this same date.

Dated this 14th day of July, 2023.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE